THE PEOPLE ex rel. NICHOLAS COOPER, Respondent, v. THE REGISTRAR OF ARREARS OF THE CITY OF BROOKLYN, Appellant.

Taxes assessed for the years 1882, 1883, 1884 and 1885 upon certain lots in the city of Brooklyn owned by the relator, being in arrears, he called at the office of the registrar of arrears and asked the clerk charged with that duty to give him all the bills for taxes, etc., against his property, stating that he wished to settle up. He was given the bills for the taxes for 1882, 1883 and 1884, which he paid, but no bill for 1885 was given to him. The registrar subsequently sold the lots for the unpaid taxes of 1885. The relator, as soon as he learned of this, tendered to the registrar the amount of such unpaid tax, which was refused. *Held*, that under the charter of the city (§ 16, tit. 8, chap. 863, Laws of 1873), it was the duty of the registrar upon the request of the relator to furnish him with a correct statement of all unpaid taxes upon his lots; that the sale was void and the relator was entitled to a *mandamus* to compel the registrar to accept the tax and cancel the sale; also, that as the purchaser had not received a conveyance he was not a necessary party.

*It seems* where a taxpayer calls upon the proper officer for a statement of all the taxes due from him, receives a statement and pays all of the taxes

included therein, and afterwards the land is sold for non-payment of taxes in arrear at the time the statement was furnished, but which were omitted from it by the neglect of the officer or his clerk, the title of the taxpayer is not divested by the sale.

(Argued March 7, 1889; decided March 19, 1889.)

APPEAL from order of the General Term of the Supreme Court of the second judicial department, made September 19, 1887, which affirmed a final order of Special Term granting a peremptory writ of *mandamus*, the requirements of which, as well as the material facts, are stated in the opinion.

*Almet F. Jenks* for appellant. The relator must make out a case as a plaintiff would and show himself free from imputation of want of care, and that he took every step which a reasonable man should take before he can ask the aid of the court against the negligence of the respondent. (*People ex rel. Post* v. *Ransom*, 2 N. Y. 492; *People ex rel. Mygatt* v. *Suprs.*, 11 id. 563–574; *People ex rel. Martin* v. *Brown*, 55 id. 180, 191; *Com. Bank* v. *Canal Comrs.*, 10 Wend. 26.) The court erred in granting a writ of *mandamus*. (*People* v. *Hayt*, 66 N. Y. 606; *People* v. *Burn*, 9 Abb. N. C. 127, note; *Adsit* v. *Brady*, 4 Hill, 630.)

*William J. Gaynor* for respondent. Apart from any specific statutory requirement, and on general principles, that it is the duty of tax receiving officers to render a full bill, to give correct information, and failure to do so, by which the taxpayer is mislead and prevented from paying a lien on his property, renders the sale for the non-payment of such lien unauthorized and void. (*Van Benthuysen* v. *Sawyer*, 35 N. Y. 150; *Mayer* v. *Mayor, etc.*, 63 id. 455; *Breisch* v. *Coxe*, 81 Pa. St. 336; *Bubb* v. *Tompkins*, 47 id. 359.) The purchaser at a pretended sale is not a necessary or proper party here. (*Clementi* v. *Jackson*, 92 N. Y. 591; *People ex rel.* v. *Cady*, 51 Supr. Ct. 316.) The omission of relator's counsel to object to the charge that if the relator applied generally to the registrar for all taxes and liens, as he testi-

fied, and the items were omitted, the relator was entitled to a verdict, was a distinct assent to the law of the case, and a waiver of the previous exception to the motion to dismiss. (*Lahr* v. *Railway Co.*, 104 N. Y. 294.)

Follett, Ch. J. The relator for many years has owned lots Nos. 41, 42 and 43 in block No. 55 in the city of Brooklyn. On March 18, 1886, the taxes assessed upon these lots, for the years 1882, 1883, 1884 and 1885, were due and in arrear. On this date the relator called at the office of the registrar, whose duty it was to receive payment for taxes in arrear, and he told the clerk, who was charged with the duty of furnishing tax-payers with a statement of the amount due from them for taxes, "that I wanted him to give me all the bills for my taxes and assessments, water rent and liens against the property; that I wanted to settle up." He said "'all right; you had better leave them and come in again,' and I did." About an hour after this interview the relator returned to the registrar's office and received the bills for the taxes for the years 1882, 1883 and 1884, amounting to $3,288.66, which he paid. No bill for taxes of 1885 was handed to the relator. On the 19th of May, 1886, the registrar sold the lots for the arrears of 1885, which fact was learned by the relator on the twenty-second of May, and on the same day he tendered to the registrar sufficient money to pay the taxes for that year, which he refused to receive. Thereupon the relator obtained an alternative writ of *mandamus* in which these facts were alleged, requiring the defendant to show cause why he should not receive the amount due for taxes and cancel the sale. The defendant answered denying the allegations. Upon the trial the jury found this issue in favor of the relator. Upon the coming in of the verdict a judgment was entered direct-ing that a peremptory writ of *mandamus* issue requiring the defendant to receive the taxes and cancel the sale. Upon appeal to the General Term the judgment was affirmed.

When a taxpayer calls upon the proper officer for a state-ment of all the taxes due from him, and receives a statement

and pays all of the taxes included therein, and afterwards the land is sold for the non-payment of taxes in arrear at the time the statement was furnished, but which were omitted from the statement by the neglect of the officer or his clerk, the title of the taxpayer is not divested by the sale. (*Van Benthuysen* v. *Sawyer*, 36 N. Y. 150; *Breisch* v. *Coxe*, 81 Penn. St. 336; *Forrest* v. *Henry*, 33 Minn. 434–436; *Martin* v. *Barbour*, 34 Fed. Rep. 701–710; Black. on Tax Titles [5th ed.] §§ 717, 725.)

Section 16 of title 8 of chapter 863, Laws 1873 (the charter of the city of Brooklyn) provides: "The registrar of arrears, upon the requisition of any person, shall furnish a bill of any arrears of assessments, taxes and water rates so transmitted or returned to him; also of the amounts necessary to redeem any lot or lots sold for the like dues thereon, if it or they be yet redeemable, which shall be called a "bill of arrears or assessments, taxes and water rates, and for redemption;" and upon payment of the amount, his receipt thereon shall be conclusive evidence of such payment, and forever free the said lot or lots from all liens therein specified." Under this section it was the plain duty of the registrar, upon the oral request of the relator, to furnish him with a correct statement of all unpaid taxes upon the lots specified

Section 24 of title 8 of this chapter has no application to the case of the taxpayer, who, for the purpose of paying his taxes, specifies his lots and demands a statement or bill of the amount of taxes due from him on such lots.

*Mandamus* is the proper remedy to compel the defendant to receive the taxes and cancel the sale, and the purchaser not having received a conveyance is not a necessary party thereto. (*Clementi* v. *Jackson*, 92 N. Y. 591; *People ex rel. Townshend* v. *Cady*, 19 J. & S. 316, affd. 99 N. Y. 620.)

The order appealed from should be affirmed, with costs.

All concur.

Order affirmed.