FANNY F. WALLACE et al., as Executors of EDWIN R. WAL-LACE, Deceased, Appellants, *v.* WILLIAM McECHRON et al., Respondents, Impleaded with Others.

1. PARTITION — PARTIES. One claiming title in hostility to the plaintiff in an action of partition may properly be made a party defendant.

2. TAX — WHEN STATE TAX DEED VOID FOR FAILURE OF COMPTROLLER TO GIVE STATEMENT OF UNPAID TAXES ON LAND WHEN REQUESTED BY OWNER. Where the default of a taxpayer was caused by the failure of the state comptroller or his clerks to render a proper statement of the unpaid taxes, a subsequent deed executed by the comptroller in 1886 and recorded in 1887 in pursuance of a tax sale made in 1871 for the unpaid taxes omitted from the statement cannot divest the owner of his title.

3. SECTION 132 OF THE TAX LAW RELATING TO EFFECT OF FORMER DEEDS NOT APPLICABLE. Section 132 of the Tax Law (L. 1896, ch. 908), providing that a comptroller's deed which has been recorded for two years shall be conclusive evidence that the sale and proceedings prior thereto were regular and that conveyances shall be subject to cancellation, (1) by reason of the payment of such taxes; (2) by reason of the levying of such taxes by a town or ward having no legal right to assess the land on which they are laid; (3) by reason of any defect affecting the jurisdiction upon constitutional grounds, if application is made to the comptroller or an action is brought, in the case of all sales made prior to 1895, within one year from the passage of the act, is not applicable to such a case whether treated as a statute of limitation or as a curative act, and, therefore, the fact that the owner failed to apply for a cancellation or to bring an action within the prescribed time, does not preclude him from thereafter asserting his title in an action for a partition of the property.

*Wallace* v. *International Paper Co.*, 84 App. Div. 88, reversed.

(Argued October 28, 1903; decided November 10, 1903.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered May 12, 1903, affirming a judgment in favor of defendants entered upon a dismissal of the complaint by the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Homer Weston* for appellants. The comptroller's certificate of the amount of taxes due in the statement to Munn

and the proper receipt therefor in full, given on due request and in obedience to a statute requiring it, created an estoppel against the comptroller and those in privity with him. (*Breisch* v. *Coxe*, 81 Penn. St. 336; *Randall* v. *Dailey*, 66 Wis. 285; *People ex rel.* v. *Registrar, etc.*, 114 N. Y. 19; Blackwell on Tax Titles [5th ed.], § 830; *M. L. Ins. Co.* v. *Corey*, 135 N. Y. 326; *People* v. *Stephens*, 71 N. Y. 527; *Thompson* v. *Simpson*, 128 N. Y. 270; *M. & T. Bank* v. *Hazard*, 30 N. Y. 226; *Trustees* v. *Smith*, 118 N. Y. 634; *Weyh* v. *Boylan*, 85 N. Y. 394; *Blair* v. *Wait*, 69 N. Y. 113.) Plaintiffs have not lost their rights because of failure to comply with the provisions of section 132 of the Tax Law. (*Higgins* v. *Crouse*, 147 N. Y. 411; *Parmenter* v. *State*, 135 N. Y. 154; *Zink* v. *McManus*, 121 N. Y. 259; *Hayner* v. *Hall*, 159 N. Y. 553; *Gilbert* v. *Ackerman*, 159 N. Y. 124; *Colon* v. *Lisk*, 153 N. Y. 188; *Andrus* v. *Wheeler*, 29 Misc. Rep. 412.)

*George N. Ostrander* for respondents. Assuming that the comptroller did render appellants' grantor a defective tax bill, the state was not thus estopped from collecting the unpaid tax. (*People ex rel.* v. *Supervisors*, 29 Hun, 185; 93 N. Y. 397; *People ex rel.* v. *Barnes*, 114 N. Y. 317; *Flynn* v. *Hurd*, 118 N. Y. 27; *Parmenter* v. *State*, 135 N. Y. 155; *Peck* v. *State*, 137 N. Y. 372; *State* v. *Brewer*, 64 Ala. 287; *Pulaski* v. *State*, 42 Ark. 118; *Atty.-Gen.* v. *Mann*, 55 Mich. 445.) The Statutes of Limitation operate to secure defendant's tax title, and are a bar to this action. (*People* v. *Turner*, 117 N. Y. 227; *Ostrander* v. *Darling*, 127 N. Y. 70; *Ensign* v. *Barse*, 107 N. Y. 329; *People* v. *Turner*, 145 N. Y. 457; *Marsh* v. *N. P. Assn.*, 25 App. Div. 34; *People* v. *Turner*, 18 U. S. Sup. Ct. 38; *S. L. & T. Co.* v. *Roberts*, 83 Fed. Rep. 436; *Morgan* v. *Turner*, 35 Misc. Rep. 399; Cooley on Const. Lim. [6th ed.] 450; *Parmenter* v. *State*, 135 N. Y. 154; *People ex rel.* v. *Roberts*, 162 N. Y. 371.)

CULLEN, J. The action was brought for the partition of a tract of eleven hundred acres of wild lands in the county of

Hamilton. The complaint alleged that the plaintiffs were seized of two undivided thirds of the lands in question, the defendant The International Paper Company of the other third, and that the defendant William McEchron, the respondent on this appeal, claimed some interest therein. On the trial the plaintiffs deduced their title through several mesne conveyances and wills from a conveyance by the state in 1845. The respondent traced his title from a deed from Alfred C. Chapin, comptroller, to Warren Curtis and Benjamin F. Baker, December 29th, 1886, and recorded in the office of the clerk of Hamilton county on February 7th, 1887, executed in pursuance of a sale of the lands made in 1871 for the non-payment of a tax for $1.17 imposed in the year 1862 for the construction of a highway through Herkimer, Hamilton and Lewis counties directed to be laid out by chapter 347 of the Laws of 1853, as amended by chapter 451 of the Laws of 1859. The counsel for the appellants claims to have established on the trial that such tax was actually paid by the plaintiffs' predecessor in title. But the trial court found to the contrary, and that finding having been unanimously affirmed by the Appellate Division, is conclusive upon us. The trial court, however, further found that in November, 1886, one Munn, then the mortgagee or owner, applied to the comptroller of the state for a statement of the unpaid taxes upon the property and that the comptroller rendered one to her which " purported to contain a statement of all taxes due on said property, but in fact did not contain a statement of said road tax." Munn paid all the taxes so returned to her by the comptroller and obtained from him a receipt in full. Without narrating the other facts in the case it is sufficient now to say that the trial court held that the record of the comptroller's deed to Curtis and Baker and the failure of the plaintiffs to bring any action or proceeding to cancel or annul the same within one year operated under the provisions of section 132 of the Tax Law (Chap. 908, Laws of 1896) to bar and divest all the plaintiffs' rights.

The practice of the appellants in making the respondent a

party to the action, although he claimed in hostility to them, is justified by the decision of this court in *Satterlee* v. *Kobbe* (173 N. Y. 91). While under the findings of the trial court we must assume that the road tax was not paid, it appears that the failure to pay it was occasioned by the neglect of the comptroller or his clerks to return its amount to the owner on her request. It was made the duty of the comptroller under section 27 (Art. 2, chap. 13, title 3) of the Revised Statutes to give any person requesting it a statement of the tax, interest and charges due on any piece of land. It has been decided by this court that where the default of the taxpayer is caused by the failure of the public officer or his clerks to render a proper statement of the unpaid taxes, a sale made for unpaid taxes omitted from the statement cannot divest the owner of his title. (*Van Benthuysen* v. *Sawyer*, 36 N. Y. 150; *People ex rel. Cooper* v. *Registrar of Arrears*, 114 N. Y. 19.) The sale of the lands to Curtis and Baker was, therefore, void as against the plaintiffs, and we are thus brought to a consideration of the effect of the record of the comptroller's deed under section 132 of the Tax Law.

The learned courts below based their determination of the case on the decisions of this court in *People* v. *Turner* (145 N. Y. 457) and *Meigs* v. *Roberts* (162 N. Y. 371). Those cases involved the construction and effect not of the statute now before us but of earlier enactments of a somewhat similar character. Such statutes have been viewed by this court both as curative acts and as statutes of limitations. It is to be observed, however, that none of them has been enacted in the ordinary form either of a curative act or of a statute of limitations. In terms they provide that after a certain lapse of time and in certain contingencies a comptroller's deed shall be conclusive evidence of certain facts. It, therefore, becomes necessary when any case involving the construction and effect of one of these statutes is presented to closely scrutinize and carefully analyze the statute to see whether as to such case the statute applies, and if applicable, whether its operation is that of a curative act or of a statute of limitations. In

the *Turner* and *Roberts* cases the operation of the statute there under review was prospective, and it was held that the acts were statutes of limitations. In the present case the contrary is the fact ; the comptroller's deed and its record were prior to the enactment of the Tax Law. It is elementary constitutional law that while the legislature may shorten the time allowed for the prosecution of claims or assertion of rights, even as to claims and rights existing at the time, it must leave a reasonable time after the enactment of such a law in which such rights and claims may be asserted and enforced. A contrary rule would enable the legislature to arbitrarily transfer the property of one person to another. The first part of section 132 of the Tax Law provides that every conveyance theretofore executed by the comptroller, which has been recorded for two years in the office of the proper county clerk, shall be conclusive evidence that the sale and proceedings prior thereto were regular.

Had the section stopped at this point no one would contend that the law could be upheld as a statute of limitations. It could only operate as a curative act subject to all the limitations on the power of the legislature to pass such an act that are pointed out in the case of *Meigs* v. *Roberts.* The section then proceeds : " But all such conveyances and certificates, and the taxes and tax sales on which they are based, shall be subject to cancellation, by reason of the payment of such taxes, or by reason of the levying of such taxes by a town or. ward having no legal right to assess the land on which they are laid, or by reason of any defect in the proceedings affecting the jurisdiction upon constitutional grounds, on direct application to the comptroller, or in an action brought before a competent court therefor; provided, however, that such application shall be made, or such action brought, in the case of all sales held prior to the year eighteen hundred and ninety-five, within one year from the passage of this act." The counsel for the respondent contends that by these later provisions the appellants were given one year in which to bring the proper action for the enforcement of their rights and the

assertion of their title. If this were the fact then it might well be argued that the act operated as a statute of limitations and the question would be presented whether the time allowed was reasonable and whether it could apply in favor of a claimant who had not entered into possession. But the difficulty with this statute lies just here. It does not give an owner for the term of one year after the passage of the act an unqualified right to institute an action or proceeding to cancel the hostile tax sale or deed, but only to assail it on three grounds specified: 1. That the taxes have been paid; 2. That the town or ward had no legal right to assess the land; 3. A defect affecting the proceeding on constitutional grounds. Now, it happens that the thing which we hold rendered the tax sale void in the present case falls in neither of the three classes. Therefore, it follows that so far from having a year the plaintiffs never had an instant after the statute went into effect in which to assert or enforce their rights. It would require neither great ingenuity nor much reflection to suggest many other grounds that would render a tax sale void, yet would not be included in the cases specified in the statute. Whether with the right to bring an action being thus restricted and qualified, section 132 of the Tax Law can be held to operate in any respect as a statute of limitations in the case of past conveyances it is unnecessary to determine; it is obvious that it can have no such effect as against the right or claim of the plaintiffs which was excluded from enforcement by such restrictions.

The law if treated as a curative act is no more efficacious. While the legislature may by subsequent enactment cure defects or irregularities in proceedings to impose a tax if they relate to requirements that the legislature might in the first instance have dispensed with, where the proceedings are so fatally defective that no title passes, it cannot by a curative act transfer the title of one person to another. (*Cromwell* v. *MacLean*, 123 N. Y. 474; *Joslyn* v. *Rockwell*, 128 N. Y. 334.) As these views dispose of the present appeal and may dispose of the entire litigation, we deem it unnecessary to dis-

cuss the other serious grounds of attack on the judgments below.

The judgment appealed from should be reversed and a new trial granted, costs to abide the event.

PARKER, Ch. J., GRAY, O'BRIEN, MARTIN and WERNER, JJ., concur; HAIGHT, J., not sitting.

Judgment reversed, etc.