WILLIAM W. BRYAN, Respondent, v. HENRY McGURK, Appellant, Impleaded with Another.

Tax sales — invalidity of section 131 of Tax Law relating to running of Statute of Limitations under unrecorded deed from comptroller — action of ejectment against purchaser at a tax sale, which is void for want of jurisdiction, may be brought within five years.

The provisions of section 131 of the Tax Law, setting the Statute of Limitations running from the date of the deed by the comptroller, without any record thereof, is invalid.

An action of ejectment against a purchaser at a sale void for want of jurisdiction is properly brought under section 132 of the Tax Law within five years after the record of the comptroller's conveyance.

Where the owner of lands paid the taxes due on his property to the comptroller, received a receipt therefor, and was informed by the comptroller

that his lands had not been sold, a tax sale thereof is invalid, even though the tax deed recites that a small sum remains unpaid, and no title passes to the purchaser. Under these circumstances the owner cannot be chargeable with notice that there had been a sale of his land, at least until the comptroller's deed was recorded or the holder of the tax title enters into actual possession of the land.

*Bryan* v. *McGurk*, 134 App. Div. 93, affirmed.

(Argued December 8, 1910; decided January 3, 1911.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered October 4, 1909, reversing a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term without a jury and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Nash Rockwood* for appellant. The plain reading of section 131 of the Tax Law makes the comptroller's deed conclusive evidence of title after the lapse of two years from the date thereof, and the provisions of that section constitute a short statute of limitations. (*Jackson* v. *Rowe*, 106 App. Div. 65; 191 N. Y. 512; *People ex rel. McGuiness* v. *Lewis*, 127 App. Div. 107; *Adirondack League Club* v. *Keyes*, 122 App. Div. 178; *Wallace* v. *McEchron*, 176 N. Y. 424; *People* v. *Turner*, 145 N. Y. 451; *Meigs* v. *Roberts*, 162 N. Y. 371; *Sanders* v. *Downes*, 141 N. Y. 422; *C. W. P. Co.* v. *Voight & Sons Co.*, 212 U. S. 227; *Dudley* v. *Mayhew*, 3 N. Y. 14; *Matter of N. Y., L. E. & W. R. R. Co.*, 110 N. Y. 374; *Eckes* v. *Stetler*, 98 App. Div. 76.) The comptroller's deed is valid and in full force and effect, and defendant's title and rights under it cannot be divested, nor the deed set aside by an action in ejectment. (*Meigs* v. *Roberts*, 162 N. Y. 371; *People ex rel. McGuiness* v. *Lewis*, 127 App. Div. 107; *Wallace* v. *McEchron*, 176 N. Y. 424.) The statute considered as a statute of limitation is valid. (*People* v. *Turner*, 117 N. Y. 227; *S. T. & T. Co.* v. *Roberts*, 125 App. Div. 333.)

*Charles C. Lester* for respondent.   The comptroller's deed
passed no title that the plaintiff in ejectment may not question.
(*Ellwood* v. *Northrup*, 106 N. Y. 172 ; *Zink* v. *McManus*,
49 Hun, 583 ; 121 N. Y. 259.)   Under a proper construction
of the statute the comptroller's deed does not conclude the
plaintiff.   (*Joslyn* v. *Rockwell*, 128 N. Y. 334 ; *Ensign* v.
*Barse*, 107 N. Y. 329 ; *People* v. *Turner*, 145 N. Y. 451 ; ·
*Meigs* v. *Roberts*, 162 N. Y. 371 ; *Jackson* v. *Rowe*, 106
App. Div. 65 ; *Wallace* v. *McEchron*, 176 N. Y. 424 ; *People*
v. *Ladew*, 189 N. Y. 355.)   The statute, considered as a stat-
ute of limitations, begins to run only from the time possession
is acquired under the comptroller's deed.   (*Berridge* v.
*Schults*, 32 Misc. Rep. 444 ; *Cotten* v. *Dube*, 32 Misc. Rep.
632 ; *Ward* v. *Ward*, 23 Hun, 431 ; *Satterlee* v. *Kobbe*, 173
N. Y. 91 ; *Plimpton* v. *Town of Somerset*, 33 Vt. 283 ;
*Francis* v. *Baker*, 11 R. I. 103 ; *N. Y. L. I. & T. Co.* v.
*Meyer*, 6 N. Y. 656 ; *Boyd* v. *Boyd*, 12 Misc. Rep. 119 ;
*Bensen* v. *M. R. Co.*, 14 App. Div. 442 ; *Warren* v. *People*,
3 Park. 544 ; *Wood* v. *City of Brooklyn*, 14 Barb. 425.)

CULLEN, Ch. J.   The action is in ejectment to recover
possession of a tract of wild land in Saratoga county.   The
plaintiff proved an unbroken chain of title since the year
1818, which, under section 960 of the Code of Civil Procedure,
was presumptive evidence of ownership.   The defendant
relied on a sale by the comptroller for unpaid taxes in 1900,
purporting to be made for default in payment of taxes prior
to 1897, amounting to twenty-three cents, the deed given on
that sale dated June 2nd, 1903, and recorded in the county
clerk's office June 1, 1905, and a deed from the state's grantee
to himself, dated April 27th, 1905, and recorded the same
time as the preceding deed.   In answer to this the plaintiff
proved a demand upon the comptroller prior to the sale for a
statement of the taxes due on his property, which was returned
to him as being $6.02 ; payment of that amount and a receipt
from the treasurer's office for said sum in full for the tax
bills ; a letter from the comptroller on December 1st, 1904,

in answer to his application, stating that the lands had not been sold. The trial court held that the plaintiff's title was barred by the provisions of section 131 of the Tax Law, two years having elapsed since the date of the conveyance, and rendered judgment for the defendant. This judgment was reversed by the Appellate Division on both the facts and the law and a new trial ordered, and from that order an appeal has been taken to this court.

The repeated changes in the tax laws of the state and the apparent inconsistency between some of the provisions render it at times difficult to determine how those laws operate in a particular case. That the earlier statute of 1885 (Ch. 448) did, in many cases, operate as a statute of limitations is settled by repeated decisions of this court. (*People* v. *Turner*, 117 N. Y. 227; *Same* v. *Same*, 145 N. Y. 451; *Meigs* v. *Roberts*, 162 N. Y. 371; *Saranac Land & Timber Co.* v. *Roberts*, 195 N. Y. 303; *Halsted* v. *Silberstein*, 196 N. Y. 1.) It is equally clear that in the operation of a statute of limitations, otherwise valid, there is no difference in its effect on jurisdictional defects or on irregularities. In *People* v. *Ladew.* (189 N. Y. 355) the decision was for the defendant, not on any theory that there was any defect that could not be cured by a statute of limitations, but because by the terms of the statute of 1885 its operation as a statute of limitations could commence to run only from the record of the comptroller's deed in the clerk's office. Another provision of the statute expressly provided that the deed should not be recorded where there was an actual occupant except accompanied by proof of service of proper notice to redeem, to be recorded with the conveyance. No such proof was given or recorded. Therefore, the record being in violation of the statute was a nullity and did not set the statute running at all. But, as pointed out in *Wallace* v. *McEchron* (176 N. Y. 424), which arose under the present Tax Law of 1896, the provisions of the tax laws are not enacted in the form of a statute of limitations. When applied to the future they may, if otherwise good, operate as such; but when applied to the past,

where they can operate only as curative acts, the question whether the defects are jurisdictional or mere irregularities is of vital importance. With this distinction clearly in mind we reach the consideration of the case before us.

The plaintiff clearly proved the payment of the taxes due on his property. Even if we should consider the recital in the tax deed that twenty-three cents was still unpaid as proof of the fact, nevertheless, as he paid the full amount the state officers stated to be the amount of taxes, for which taxes they gave a receipt in full, the sale was invalid and no title passed to the purchaser. This was plainly a jurisdictional defect (*People ex rel. Cooper* v. *Registrar of Arrears*, 114 N. Y. 19 ; *Wallace* v. *McEchron*, *supra*), and beyond the saving grace of a curative act. Therefore, to be available in favor of the defendant, the statute must operate as a statute of limitations if at all. The statute of 1885 received a definite construction by the decisions of this court. There by the provisions of the statute the record of the comptroller's deed in the clerk's office set the statute running and two years were given before any rights were barred. There was no limitation of the means by which the owner might assail the hostile title. It could not run against the state until the state permitted itself to be sued, for it is an elementary principle that a statute of limitations must give a reasonable opportunity to assert one's rights. (*Saranac Land & Timber Co.* v. *Roberts*, *supra*.) There was a question left open in all the cases whether the mere record of a deed in the clerk's office without a hostile entry was, as against an owner in actual possession, sufficient to compel him to institute an action to defend a possession which he already had. The provisions of the present statute are manifestly different. It is conceded by both parties that the case before us is controlled by section 131 or 132 of the Tax Law or by both. There seems to be an inconsistency between these two provisions. Section 131 provides that after the expiration of two years from the date of a tax conveyance the presumption that the sale and all proceedings prior thereto, including the assessment of the lands

sold and notices of redemption, were regular shall be con-
clusive.   Section 132 prescribes that the same efficacy be given
the record of a conveyance in the clerk's office for a period of
two years.   But the section also provides that the same shall
be subject to cancellation by reason of the payment of such
taxes, or by reason of the levying of a tax by a town or ward·
having no legal right to assess the land on which they are laid,
or by reason of any defect in the proceedings affecting the·
jurisdiction upon constitutional grounds, on direct application
to the comptroller, or in an action brought before a compe-
tent court therefor ; " provided, however, that such application
shall be made, or such action brought, in the case of all sales
held prior to the year eighteen hundred and ninety-five, within
one year from June fifteenth, eighteen hundred and ninety-
six ; and in the case of the sale of eighteen hundred and ninety-
five and of all sales hereafter held, that such application shall
be made, or such action brought, within five years from the
expiration of the period allowed by law for the redemption of
lands sold at the particular sale sought to be canceled." The
caption of this section is " Effect of former deeds."  But the
statute which was passed in 1896 seems to expressly include all
sales thereafter held. ·  Under this section the plaintiff's action
was well brought.   Five years had not elapsed between the
record of the comptroller's conveyance and the commence-
ment of the action.   It is claimed, however, that this is not
an action to cancel the sale, but in ejectment..   I think there
is no force in this objection.   The effect of a recovery in
ejectment would be necessarily to avoid the sale.   If the
legislature intended to limit the owner to an equity action
the validity of such a restriction might be questioned.   It
must be remembered we are dealing with the statute solely
as a statute of limitations.   Doubtless the legislature may
change the mode and character of legal proceedings, except
so far as they are restricted by the Constitution.   The Con-
stitution provides that the right of trial by jury in all cases in
which it has been heretofore used shall remain inviolate.   An
action to recover possession of land has always been triable

before a jury as of right, and a claimant cannot be deprived of that right under a statute of limitations more than in any other manner.

Our decision in *Wallace* v. *McEchron* (*supra*) should not be difficult to understand. In that case the tax sales, comptroller's deed, and the record of the conveyances had all been made prior to the enactment of 1896, and the question before the court was whether that statute acting as a limitation could bar the rights of the plaintiff. There the owner, while he had not paid the full amount of the taxes on the property, had paid the amount stated by the comptroller, and the error was on the part of that officer. That made the sale void under the authorities cited. It is elementary law that a statute of limitation to be valid must give a reasonable time after its enactment to enforce existing rights. The statute of 1896, as already appears, did give the owner one year after its enactment to enforce the owner's right, but the difficulty with the statute lay just here: It gave him a year in which to enforce his remedy against a tax purchaser to avoid the sale on three specific grounds, to wit: (1) That the taxes were paid. (2) That the town or ward had no legal right to assess the same, and (3) Defects in the proceedings on constitutional grounds. But it did not give him an instant of time during which he might assail the tax sale on any other ground. In that case the sale was void for reasons other than the three specified in the statute. For that reason the statute could not be valid as a statute of limitations against such a claim. If, as the appellant claims, the taxes were not really paid, but only the amount demanded by the comptroller, the *Wallace* case is conclusive against any contention that section 132 has barred the plaintiff's rights.

I am frank to say I do not appreciate the object sought to be obtained by the legislature in the enactment of sections 131 and 132. Why provide for giving the original owner five years after the record of the comptroller's deed to assert his rights in section 132, while in section 131 the lapse of two years from the date of the conveyance, without record, is

apparently made a bar to those rights? Assuming, however, that they are cumulative and that full force must be given to both, I am of opinion that the provisions of section 131, setting the running of the statute from the date of the deed by the comptroller, without any record thereof, is invalid. It is entirely insufficient to give the landowner any notice that his title is sought to be divested. It is going quite far enough to require the landowner to keep track of any conveyance, in the office of the clerk of the county where his land is situated, in derogation of his title. To require him to examine every conveyance which may be noted in the comptroller's office seems to me quite unreasonable. But it appears that in the present case within two years from the date of the conveyance the plaintiff applied to the comptroller for information concerning the sale and received an answer stating that his lands were not sold, but had been withdrawn from the sale. We know of nowhere else where a plaintiff could have sought information as to the existence of the sale, and he was entitled to rely on the statement made to him by the comptroller. The same principle would seem to apply in such case as where an erroneous statement of the amount of the taxes due on the property is given by the public officer. (*Van Benthuysen* v. *Sawyer*, 36 N. Y. 150; *People ex rel. Cooper* v. *Registrar of Arrears*, *supra*; *Wallace* v. *McEchron*, *supra*.) Under the circumstances I can imagine no principle on which the plaintiff can be chargeable with notice that there had been actually a sale of his land, at least until the comptroller's deed was recorded or the defendant entered into actual possession of the land, the date of which does not appear in the record, but was stated on the argument to have been but a few months before the commencement of the action.

The order of the Appellate Division should be affirmed and judgment absolute rendered against the defendant on the stipulation, with costs in all courts.

HAIGHT, WERNER, WILLARD BARTLETT, HISCOCK, CHASE and COLLIN, JJ., concur.

Order affirmed, etc.