PEOPLE ex rel. KEATING v. PRENDERGAST, City Comptroller.

(Supreme Court, Appellate Division, Second Department. June 14, 1912.)

MANDAMUS (§ 154*)—PETITION—SHOWING PETITIONER'S RIGHT.

    Where the petition for a peremptory writ of mandamus to compel a city comptroller to accept payment of taxes on lands and cancel the record of sale of such lands alleges the defects in the assessment of the taxes and subsequent sale on information and belief, the writ is properly denied, since petitioner does not show a clear legal right thereto, especially as he has a perfect remedy by an equitable action.

    [Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 296–316; Dec. Dig. § 154.*]

Appeal from Special Term, Queens County.

Application by Arthur E. Keating for a writ of mandamus against William A. Prendergast, as Comptroller of the City of New York, commanding him to accept payment of certain unpaid taxes and to cancel the record of sale of the lands. From an order denying a peremptory writ, relator appeals. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, WOODWARD, and RICH, JJ.

J. J. Kramer, of New York City, for appellant.

James D. Bell, of Brooklyn (Sanders Shanks, of Brooklyn, on the brief), for respondent.

WOODWARD, J. The learned court at Special Term has refused to grant a peremptory writ of mandamus to compel the respondent

to receive the taxes and to cancel the record of sale, and it is sufficient reason for affirming the order that the petition does not show conclusively that the petitioner has a clear legal right to the relief which he demands. The petition alleges on information and belief that "during the years 1866 to 1883, inclusive, the said property was owned by a nonresident of the tax district in which said lands were located," and then points out objections to the assessment and subsequent sale. But if the property was not owned by a nonresident, many of the objections would be without force, and a peremptory writ of mandamus can issue properly only where the legal right is clear and distinct.

The relator has a perfect remedy through an equitable action, where all of the questions can be tried out, and a peremptory writ ought not to issue upon a petition based on information and belief. An alternative writ issued in the first instance in People ex rel. Cooper v. Register of Arrears, 114 N. Y. 19, 20 N. E. 611, and upon the facts being established a peremptory writ was issued; but here the petitioner demands relief upon the facts which he has stated, and these facts are not so certain that a court would be justified in granting the writ.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.