MONGAUP VALLEY COMPANY, INC., Respondent, *v.* ORANGE ROD & GUN CLUB, INC., Appellant.

Third Department, March 16, 1938.

*John D. Lyons* [*Nellie Childs Smith* and *Blake Washington* of counsel], for the appellant.

*Morris M. Oppenheim* [*James H. Brady* of counsel], for the respondent.

HILL, P. J. Plaintiff-respondent brings this action to recover possession of and to eject defendant-appellant from seventy-five acres of land " more or less " located in lots Nos. 56 and 57 in Great Lot No. 15 of the Hardenburgh Patent, town of Bethel, Sullivan county, deeded by Otto B. Jafnel and Mary Beck to the defendant-appellant.

Respondent relies upon a chain of title founded upon a tax deed dated November 22 and recorded November 26, 1915. Appellant bases its claim of ownership upon a deed to its grantors by the People of the State dated December 12, 1927, and recorded February 9, 1928. The tax sale upon which appellant's deed is founded occurred in June, 1926, on account of the 1919 and 1920 taxes which had not been paid. This action was begun on August 13, 1931, more than five years after the sale and more than three years after the giving and recording of appellant's deed. Respondent is entitled to possession of the lands unless it be determined that the tax deed to appellant's grantors was effective to convey the premises. Upon the trial the respondent prevailed, the court deciding that the tax sale of 1926 and the tax deed founded thereon were invalid because of the failure of the State Comptroller in both 1925 and 1926 to include the 1919 and 1920 taxes in the statement which he gave when information was asked concerning all unpaid taxes on these and other premises. The opinion of the trial court states that this action was brought within the five-year period prescribed in the last part of section 132 of the Tax Law, and that the respective limitations in sections 131 and the earlier part of 132 of the law do not apply, citing *Bryan* v. *McGurk* (200 N. Y. 332).

The terminating portion of section 132 of the Tax Law authorizes the bringing of an action to cancel a tax sale or deed upon only three specified grounds: (1) That the taxes have been paid; (2) that the town or ward had no legal right to assess the land; (3) for a defect in the proceedings affecting the jurisdiction upon constitutional grounds. The negligence of the Comptroller in failing to state correctly the taxes owing which is the basis of this action and decision does not fall in either of the three classes. (*Wallace* v. *McEchron*, 176 N. Y. 424, 429; *Dunkum* v. *Maceck Building Corp.*, 256 id. 275, 286.)

Every conveyance heretofore executed by the Comptroller which has for two years been recorded in the office of the clerk of the county in which the lands conveyed thereby are located is conclusive evidence that the sale and proceedings prior thereto, from and including the assessment of the land, were regular, and that all notices required by law to be given previous to the expiration of the time allowed for redemption were regularly given, published and served according to the provisions of all laws directing and requiring the same or in any manner relating thereto. (Tax Law, § 132.)

The People of the State, acting through the Department of Taxation and Finance and after the expiration of more than a year from the time of sale, executed to appellant's grantors a conveyance of these lands which had been sold for taxes and not redeemed. This conveyance vested in the grantees, appellant's grantors, an absolute estate in fee simple subject only to possible liens of the State for taxes "or other liens or incumbrances," and is presumptive evidence that the sale and all proceedings prior thereto from and including the assessment of the lands sold and including the giving of notices as required by law were regular and in accordance with all the provisions of law relating thereto. Two years from the date of the conveyance the presumption became conclusive. (Tax Law, § 131; *Meigs* v. *Roberts*, 162 N. Y. 371; *People* v. *Turner*, 145 id. 451; *Halsted* v. *Silberstein*, 196 id. 1; *Dunkum* v. *Maceck Building Corp.*, *supra*, 285, 286, 287.) Under the Constitution the Legislature may enact statutes of limitations of the kind contained in section 131 and the first part of section 132 (*supra*) provided a reasonable time is given to the owner for the assertion of his rights or the redemption of the premises. (*Dunkum* v. *Maceck Building Corp.*, *supra*, 285.) In *Bryan* v. *McGurk* (*supra*), as here, the Comptroller's statement did not include the taxes, but there the deed had not been recorded and the tax purchaser had not gone into possession. The opinion states (p. 339): "Under the circumstances I can imagine no principle on which the plaintiff can be chargeable with notice that there had been actually a sale of his land, at least until the Comptroller's deed was recorded or the defendant entered into actual possession of the land, the date of which does not appear in the record, but was stated on the argument to have been but a few months before the commencement of the action," and in *Wallace* v. *McEchron* (*supra*) the limitations now contained in section 131 and the first part of section 132 (*supra*) were not held unconstitutional. The court said that it was necessary "to closely scrutinize and carefully analyze the

statute to see whether as to such case the statute applies, and if applicable, whether its operation is that of a curative act or of a statute of limitations. In the *Turner* and *Roberts* cases the operation of the statute there under review was prospective, and it was held that the acts were statutes of limitations. In the present case the contrary is the fact; the comptroller's deed and its record were prior to the enactment of the Tax Law. It is elementary constitutional law that while the Legislature may shorten the time allowed for the prosecution of claims or assertion of rights, even as to claims and rights existing at the time, it must leave a reasonable time after the enactment of such a law in which such rights and claims may be asserted and enforced " (pp. 427, 428). And the court held that under the particular facts of that case a reasonable time had not been given. Here more than three years elapsed after the giving and recording of the deed and taking possession before respondent brought the action. Under such circumstances and the authorities cited, the time prescribed in the section during which an owner may redeem or otherwise move is reasonable.

Section 137 gives to an *occupant* of land sold for taxes three years in which to redeem, and enacts, " In case of failure to redeem within the time herein specified, the sale and conveyance thereof shall become absolute and the occupant and all other persons barred forever." Judge HUBBS, writing for a unanimous court in *Mabie v. Fuller* (255 N. Y. 194) says (at p. 201): " Everyone is presumed to know the Tax Law and to know that his land is being assessed and can be sold for non-payment of taxes and it is the duty of a landowner to see to it that the taxes upon his land are paid within the statutory time. If he fails for any reason the law still gives him in the case of occupied land three years from the last day of the sale within which to redeem. That is a reasonable time and if he fails to redeem within that time public policy requires that the grantee's title become absolute." That case further decided that by giving notice the time within which to redeem may be shortened to one year and six months. The time prescribed in section 131 is not less than three years. The deed is to be given at least one year after the sale. It is only presumptive evidence as to regularity for two years from the date it is recorded; thereafter it is conclusive. The limitation contained in the first part of section 132 is not different. The deed by the People of the State becomes conclusive only after the expiration of two years from the day it is recorded.

The judgment should be reversed on the law and facts and the complaint dismissed.

McNAMEE, CRAPSER and BLISS, JJ., concur; RHODES, J., dissents, and votes to affirm.

Judgment reversed on the law and facts, with costs. Judgment in favor of the defendant dismissing the complaint granted, with costs.

The court reverses the following findings of fact, contained in the decision, numbers 3, 4, 8, 9, 10, 11, 12, 14 and 17, and all findings of fact contained in the conclusions of law; and makes the following findings of fact, requested by the defendant, numbers 4, 6, 7, 8, 9, 10, 15, and modifies the defendant's request to find number 3 by striking out the words " was the owner," and as so modified makes the finding.