In the Matter of the Application of THE COUNTY OF SUFFOLK, Appellant, for an Order of Peremptory Mandamus against FRANK MARKVART, Registrar of Title in Suffolk County, Respondent.— Order in so far as it denies appellant's application for a peremptory order of mandamus reversed on the law without costs, and motion granted to the extent of directing that the respondent, upon presentation of duly acknowledged deeds and upon payment of fees by appellant, file, index, and memorialize on the last original certificates of title the aforesaid deeds; and the remainder of the application, relating to the transfer of title and issuing of new certificates of title, is remitted to the Special Term for decision on the merits. Under the provisions of article 12 of the Real Property Law, upon presentation of duly acknowledged deeds, appellant is entitled to have them filed, indexed and memorialized on the certificates of title (§ 409) upon payment of the fee prescribed in section 432. But before directing a transfer of title, cancellation of the original certificates of ownership, and issuance of new certificates of title, the court must be satisfied by positive proof that appellant is entitled to that relief. It may well be that the tax deeds numbered 1 and 2 herein are incontestable; but the court itself, or through an official examiner, is required to be convinced as to the time in which the deeds have been on record, the descriptions of the properties, etc., in order to determine whether the registered owners, the Attorney-General, or other parties should be notified. The petition may be treated as sufficient upon which to consider the application as brought under section 423. As to the record of a deed acting as sufficient notice to commence the running of the Statute of Limitations, see *Bryan* v. *McGurk* (200 N. Y. 332, 339) and *Peterson* v. *Martino* (210 id. 412, 421). (See, also, *Dunkum* v. *Maceck Building Corp.*, 256 N. Y. 275, 283–287, and *Mabie* v. *Fuller*, 255 id. 194). As to appellant's tax deeds numbered 3 to 8, it is not claimed that they have as yet become conclusive. For that reason it would be improper to direct that the titles to the registered properties be transferred, at least without some clear proof that the owners have been divested of title, and that appellant is entitled thereto. Lazansky, P. J., Carswell, Johnston and Adel, JJ., concur; Hagarty, J., concurs as to reversing and granting the application to the extent of memorializing the tax deeds, but dissents from the decision in so far as it remits the proceeding to Special Term to determine on the merits the matter relating to the transfer of title and issuance of new certificates, on the ground that a separate proceeding should be brought pursuant to the provisions of section 423 of the Real Property Law.