FREDERICK J. HELTERLINE, Appellant-Respondent, *v.* THE PEOPLE OF THE STATE OF NEW YORK, Respondent-Appellant.

Third Department, June 3, 1944.

*Alfred D. Dennison,* attorney for plaintiff-appellant and respondent.

*Nathaniel L. Goldstein, Attorney-General (Orrin G. Judd, Solicitor-General; Warren H. Gilman, Assistant Attorney-General, David Belkin, Special Assistant Attorney-General,* of counsel), for defendant-respondent and appellant.

HILL, P. J. The judgment appealed from determines that the plaintiff is the owner in fee of premises described, "All that tract or parcel of land situate in the Town of Stratford, County of Fulton and State of New York, being the south one-half of Lot No. 91, Jerseyfield Patent, containing 500 acres of land more or less." The State of New York appeals therefrom. Plaintiff appeals from the portion thereof which determines that he should pay to the State $3,065.87 taxes paid by the State for the years 1861, 1862 and 1863, and from 1886 to the year previous to the date of the judgment.

Plaintiff obtained his title from the descendants of Henry Helterline, grantee of Joseph Helterline, who received a deed dated May 30, 1864, recorded in Fulton County clerk's office in

September, 1867. Plaintiff's deed is dated June, 1928, recorded in Fulton County clerk's office, January 15, 1929. The action was commenced on June 19, 1929. The State founds its claim of ownership upon a tax deed from the Comptroller dated December 15, 1875, recorded May 30, 1877, following a tax sale of the entire Lot No. 91, Jerseyfield Patent, on September 16, 1871, conducted pursuant to chapter 427 of the Laws of 1855. The sale was for default in payment of taxes upon the whole of Lot 91 for the years 1861, 1862, 1863 and 1864, and upon the north half of the lot " only for the years 1864 and 1865." Plaintiff's main assertion of invalidity is that the entire lot was sold as one parcel for nonresident taxes levied in those five years. The south half was assessed as resident lands in the years 1864 and 1865 and the taxes were paid. Plaintiff now claims to be the owner of the south half and asserts a jurisdictional defect because he, the person assessed and the mesne title holders could not redeem the south half of Lot 91 without paying taxes on the north half.

Every conveyance by the Comptroller of the State which has for two years been recorded in the office of the clerk of the county in which the lands are located, is declared to be conclusive evidence that the sale and proceedings prior thereto from and including the assessment of the lands, and all notices required by law to be given previous to the expiration of the time allowed for redemption, were regular and were regularly given, but that such conveyances " shall be subject to cancellation * * * by reason of any defect in the proceedings affecting the jurisdiction upon constitutional grounds, on direct application to the department, or in an action brought before a competent court therefor; provided, however, that such application shall be made, or such action brought, in the case of all sales held prior to the year eighteen hundred and ninety-five, within one year from June fifteenth, eighteen hundred and ninety-six; * * * " (Tax Law, § 132). Notice of ownership and possession by the State was published as required by section 13 of chapter 711 of the Laws of 1893 and also pursuant to chapter 908 of the Laws of 1896, particularly section 133 thereof.

Section 132 of chapter 908 of the Laws of 1896, now section 132 of the Tax Law, is not only a curative act, but a statute of limitations which the Court of Appeals has said the Legislature may legally enact " to prevent the assertion of a right to question the validity of a tax title of vacant and unoccupied lands because of jurisdictional defects in the sale and in the

proceedings leading thereto, provided a reasonable time is given for the assertion of the right before the statute becomes operative." (*Dunkum* v. *Maceck Building Corp.,* 256 N. Y. 275, 285.) This Statute of Limitations may be pleaded in an action for ejectment (*Meigs* v. *Roberts,* 162 N. Y. 371) as well as in one brought under article 15 of the Real Property Law. (*Dunkum* v. *Maceck Building Corp., supra.*) The judgment should be reversed on the law, and the complaint dismissed.

HEFFERNAN, J. (dissenting). The State appeals from a judgment declaring its tax deed invalid and the plaintiff appeals from so much of the judgment as determines that he should pay to the State the sum of $3,065.87 as an apportionment of taxes.

Plaintiff's title to the south half of Lot 91, Jerseyfield Patent, extends to 1845. The north half of this parcel was separately owned. The entire lot was assessed as nonresident lands for the years 1861–1863. For the years 1864 and 1865 the south half was assessed as resident land and the taxes paid. For the same years the north half was assessed as nonresident land and the taxes were not paid. In the tax sale of 1871 the entire lot was sold as one parcel for failure to pay the taxes on the whole lot for 1861, 1862 and 1863 and upon the north half for the years 1864 and 1865. It is conceded that no notice to occupants was given to anyone and no proofs were filed with the deed and no Comptroller's certificate was given or recorded. The trial court found that the tax sale was void because the south half of the lot was sold for unpaid taxes levied on the north half. The undisputed evidence shows that plaintiff's property on which the taxes had been paid in 1864 and 1865 was sold as one parcel with property of some other person on which the taxes had not been paid in those years. The tax sale therefore is wholly void. (*People* v. *Hagadorn et al.,* 104 N. Y. 516); *Saranac L. & T. Co.* v. *Roberts,* 195 N. Y. 303.)

The State is relying on various curative acts. These curative acts do not apply to tax sales defective on jurisdictional grounds. (*People ex rel. Barnard* v. *Wemple,* 117 N. Y. 77; *Joslyn* v. *Rockwell et al.,* 128 N. Y. 334; *Cromwell* v. *MacLean,* 123 N. Y. 474; *Wallace* v. *McEchron,* 176 N. Y. 424; *People* v. *Ladew,* 189 N. Y. 355; *People* v. *Witherbee,* 199 App. Div. 272; *People* v. *Faxon,* 111 Misc. 699.)

As a matter of fact plaintiff's lands were not wild, vacant or unoccupied. (*People* v. *Durey,* 126 Misc. 642.)

This action is not barred by the Statute of Limitations. The State in its answer pleads title; consequently the subsequent

proceedings are the same as if this was an action brought by the defendant in ejectment (Real Property Law, § 504). The Legislature by its fiat cannot make legal a deed which was absolutely void on jurisdictional grounds. (*Dunkum* v. *Maceck Building Corp.,* 256 N. Y. 275, 285.)

The court had no power to impose the payment of any money as a condition for granting relief to plaintiff. Since the south half of Lot 91 was jointly assessed as one parcel with the north half of the same lot during all of the years involved and since the land was not assessed as resident land but was assessed as State land the assessment and tax deed are void on jurisdictional grounds. (*Crommelin* v. *Finn,* 129 Misc. 252, affd. 223 App. Div. 868; *People* v. *Hagadorn, supra; Saranac L. & T. Co.* v. *Roberts, supra.*) The judgment appealed from should be affirmed insofar as it adjudges that the tax deed held by the State is invalid and should be reversed insofar as it adjudges that plaintiff should pay any sum as an apportionment of taxes to the State.

BLISS and SCHENCK, JJ., concur with HILL, P. J.; HEFFER-NAN, J., dissents in an opinion; BREWSTER, J., taking no part.

Judgment reversed on the law, with costs, and complaint dismissed, with costs.