BERTHA S. HUNT, Plaintiff, *v.* LANSING W. DEKIN et al., Defendants.

Supreme Court, Trial Term, Lewis County, September 4, 1946.

*George S. Reed* and *Frank Bowman* for plaintiff.

*Dudo & Egloff* for Lansing W. Dekin and another, defendants.

*Fred A. Young* for County of Lewis, defendant.

KINGSLEY, J. This is an action in ejectment to recover possession of certain cottage property located on Brantingham Lake in the town of Greig, Lewis County. The plaintiff proved title to the premises described in the complaint under a deed executed to her in 1936 by the then owner, Anna M. Stohrer, and this entitles her to recover unless her title was subsequently divested by proceedings for the sale of the premises for taxes.

The property involved was sold to the County of Lewis by its County Treasurer on October 19, 1939, for unpaid taxes for the years 1937 and 1938 and a tax deed delivered to it on August 27, 1941. This deed was not recorded. On July 7, 1945, the county executed and delivered to the defendants Dekin a quitclaim deed thereto which was recorded July 7, 1945.

The position of the plaintiff is that the county did not acquire a valid title to the premises by virtue of the tax sale and deed because all of the proceedings up to and including the tax deed were defective and not conducted in accordance with the provisions of the Tax Law, and that such defects were jurisdictional. She also asserts that the defendants are estopped from claiming title to the premises by reason of certain notices served by the county requesting payment of back taxes and by its failure to assess the property to itself after the sale. Defendants claim plaintiff has been divested of title by the tax sale. They insist that the proceedings for the assessment and collection of the taxes and for the advertisement and sale of the premises were conducted substantially in accordance with the Tax Law and that, if there were any irregularities or defects in respect thereto, the same were not jurisdictional and were remedied by curative acts. It is also their claim that plaintiff is barred from obtaining the relief sought because of the time limitations contained in sections 131, 132 and 137 of the Tax Law.

In view of the conclusion about to be reached, only one of

plaintiff's contentions will be considered, and that has to do with the validity of the 1937 and 1938 assessments, as the tax sale in question was based upon unpaid taxes for those years.

With respect to the contention just mentioned, plaintiff urges that the description contained in the assessment rolls for the years in question was not sufficiently definite within the meaning of the Tax Law and, therefore, void and that all subsequent proceedings based thereon, including the sale and deed to the county, fall into the same category.

The correct description of the property to which plaintiff acquired title as set forth in her deed is as follows: " ALL THAT TRACT OR PARCEL OF LAND, situate in the town of Greig, County of Lewis and State of New York, being part of Lot No. 117 of the Brantingham Tract, bounded and described as follows: Beginning at the northeast corner of land now or formerly owned by Mrs. Stanley Wilson, as described in a deed to Mrs. Stanley Wilson from Sarah E. Boadley recorded in the Lewis County Clerk's Office, October 20, 1920, in Liber 137 of Deeds at Page 27, thence northerly along and following the shore line of Brantingham Lake, one hundred sixteen feet (116) to the southeast corner of lands formerly owned by P. L. Hoadley and now or formerly owned by Edwin D. Winkworth; thence westerly along said Winkworth's south line one hundred seventy-eight (178) feet to the southwest corner of said Winkworth's land and thence continuing in the same line extended westerly to the right of way leading from the town road to the Wilson premises, aforesaid, thence southerly along said right of way to the north westerly corner of the land now or formerly owned by Mrs. Stanley Wilson, aforesaid, thence easterly along the north line of the said Wilson land two hundred (200) feet to the place of beginning. Together with the perpetual right to use the right of way now at the rear of said premises described herein, by virtue of a warranty deed bearing date August 5, 1936.''

The description on the assessment roll for the years 1937 and 1938 is as follows:

| | N. | E. | S. | W | Lot | School Dist. | Acres | Valuation | Reassessed | Tax |
|---|---|---|---|---|---|---|---|---|---|---|
| **1937** | | | | | | | | | | |
| Hunt, Edward Bt. | ... | ... | ... | ... | 117 | C | 1/2 | 10 | 10 | 31¢ |
| **1938** | | | | | | | | | | |
| Hunt, Edward Bt. | road | ... | lake | ... | 117 | C | 1/2 | 100 | 500 | .35   23.64 |

Section 21 of the Tax Law (subd. 1) provides that the assessors shall prepare an assessment roll or rolls with such entries and descriptions as shall be sufficient to identify each separately

assessed parcel or portion of real estate with the approximate quantity of the square feet, square rods or acres contained in such parcel or portion or a statement of the linear dimensions thereof.

Section 54 of the same law relates to the duty of the board of supervisors with respect to description of real property. It provides: "The board of supervisors of each county, at its annual meeting, shall examine the assessment-rolls of the several tax districts, and shall make such changes in the descriptions of real property as may be necessary to render such descriptions sufficiently definite for the purposes of collection of taxes by sale thereof. *If a sufficiently definite description cannot be obtained during the session, the board shall cause the same to be obtained for the next annual session, and the property shall not be taxed until such description is obtained,* and shall then be taxed for the year so omitted, in the manner provided for taxing omitted lands." (Emphasis supplied.)

In my opinion the taxing officials failed to comply with the provisions above mentioned in respect to a sufficiently definite description or to give such a description of the premises as would enable a diligent taxpayer to identify his land, and I so find.

It is to be noted that no boundary lines are stated in the assessment roll for the year 1937 and the same is true as to 1938 except the words "road" and "lake". The lot number is given as 117 while the correct description shows the premises involved to be "part of Lot No. 117 of the Brantingham Tract". The school district is designated by the letter "C" which, according to the evidence, means Central School District. The cottage upon the premises was completed in 1938 and was assessed for that year, but no reference is made to the cottage on the assessment rolls until 1939. Both assessments were made against "Hunt, Edward", the husband of plaintiff. This, however, is not to be regarded as a part of the assessment. (Tax Law, § 55-a.)

When the description in the deed to plaintiff is compared with that contained in the assessments, it is plain that they do not agree and that no sufficient words or suggestions are contained in the latter identifying or calling attention to the former. A reasonably accurate designation or description of the land assessed and sold is necessary in order to give validity and effect to the conveyance. No land is actually enclosed by it. It is impossible, from the description, to ascertain the form or

shape of the lot or how far its boundaries extend. It is impossible, as it seems to me, to locate or identify the land thus described with any degree of certainty.

The power to assess property for the purpose of taxation and to levy taxes thereon is purely statutory. Failure to assess as required by the applicable statutory provisions is a jurisdictional defect and renders the sale entirely void. (*People* v. *Hagadorn,* 104 N. Y. 516, 524; *People ex rel. Buffalo B. P. Assn.* v. *Stilwell,* 190 N. Y. 284; *Fulton* v. *Krull,* 200 N. Y. 105.) Such a defect cannot be overlooked or remedied by a curative statute. (*Helterline* v. *People,* 295 N. Y. 245; *Dunkum* v. *Maceck Building Corp.,* 256 N. Y. 275.) The fact that the deed, in the instant case, contained a more complete description than that employed in the assessment roll does not save the defect in the latter. (*Fulton* v. *Krull, supra,* p. 110.)

The contention that plaintiff is barred from obtaining the relief sought by reason of the time limitations and presumptions contained in sections 131, 132 and 137 of the Tax Law cannot be upheld. Sections 131 and 132 are to be construed together. (*Clark* v. *Kirkland,* 133 App. Div. 826, affd. 202 N. Y. 573.) Section 132 provides that a tax deed, after the lapse of two years *from its recording,* shall be conclusive evidence of the regularity of all proceedings except for certain causes enumerated therein, one of which is " by reason of any defect in the proceedings affecting the jurisdiction upon constitutional grounds ". Section 131 also provides for a conclusive presumption of regularity after the lapse of two years *from the date of the conveyance.*

It is difficult to understand the object sought to be obtained by the Legislature in the enactment of these sections (§§ 131, 132). Section 132 gives the original owner " five years from the expiration of the period allowed by law for the redemption of lands sold at the particular sale sought to be canceled " to assert his rights in case of jurisdictional defects, while in section 131 the lapse of two years from the date of conveyance, without record, is made a bar to those rights. The provisions to which reference has been made are clearly inconsistent. If this be true, plaintiff in the present action is entitled to the benefit of the rule that statutes governing the assessment and sale of lands for taxes must be liberally construed in favor of occupants or owners. (*Clark* v. *Kirkland, supra.*) Given such a construction section 131 should be construed as being subject to the exceptions enumerated in section 132 heretofore mentioned. In such event plaintiff would have eight years from

the date of the tax sale (October, 1939) in which to contest its validity — that is five years from the expiration of the redemption period accorded by section 137.

Irrespective of the construction given these two sections, it is my judgment that they do not bar the relief sought by plaintiff, as the conveyance on the tax sale did not become conclusive evidence of the regularity in the tax proceedings on account of the jurisdictional defect hereinbefore mentioned. (*Clark* v. *Kirkland*, 133 App. Div. 826, affd. 202 N. Y. 573, *supra; Bryan* v. *McGurk*, 200 N. Y. 332; *People* v. *Ladew*, 189 N. Y. 355; *Helterline* v. *People*, 295 N. Y. 245, *supra; Wallace* v. *McEchron*, 176 N. Y. 424; *Joslyn* v. *Rockwell*, 128 N. Y. 334; *Hagner* v. *Hall*, 10 App. Div. 581, affd. 159 N. Y. 552.) Moreover, the presumption provided for in section 132 has no application here since the deed to the county was not recorded, and in *Bryan* v. *McGurk* (*supra*) it was held that section 131 was invalid under the facts recited therein, which seem to be quite in accord with those of the instant case.

The other section (137) urged as a complete defense cannot be sustained. The question involved here was certified in *Olds* v. *City of Jamestown* (280 N. Y. 281) and answered in the negative. At page 285, the opinion states: " Statutes which limit the time for redemption after tax sales are not applicable where the tax sale is void and no title is passed."

It is also urged that section 132 limits the form of the action which may be pursued to one for cancellation of the taxes or the tax sale based thereon and that by reason thereof plaintiff is precluded from maintaining an action in ejectment. This objection is untenable. The very question was raised in *Bryan* v. *McGurk* (*supra*) and the court said (p. 337): " It is claimed, however, that this is not an action to cancel the sale, but in ejectment. I think there is no force in this objection. The effect of a recovery in ejectment would be necessarily to avoid the sale. If the legislature intended to limit the owner to an equity action the validity of such a restriction might be questioned."

It is, therefore, my conclusion that the assessments in question and all subsequent proceedings predicated thereon were and are void, and that title to the premises involved in this action never passed to the County of Lewis or to the defendants Dekin.

In view of the foregoing, I find that plaintiff is the owner of the premises described in the complaint and entitled to the

immediate possession thereof, and I direct that judgment be entered accordingly.

If the question of costs were discretionary in this case, none would be allowed. However, the action being one at law, it is governed by section 1470 of the Civil Practice Act.