ABRAHAM B. VANBENTHUYSEN, APPELLANT, *v.* MIL-
TON SAWYER AND CHARLES H. FAXON, RESPONDENTS.

*Tax-Sales of Land—Invalid if Information refused.*

Where land has been sold for taxes, and the public officer refuses to do his
duty in giving the party the necessary information to enable him to redeem—
and thereby redemption is prevented—the deed of such officer will convey no
title to the purchaser.

But if such officer has already given the necessary information by furnishing
a bill of the amount to be paid, his refusal to furnish a second bill is not of
itself evidence of official neglect.

PARKER, J.—This is an action to recover damages for an al-
leged wrongful entry upon, and carrying away timber from, lot
No. 72, in Hoffman's township, in the county of Essex. Upon
the trial, the verdict was for the Defendants, upon which judg-
ment was rendered. The Plaintiff appealed to the General
Term, when the judgment was affirmed, and the case is brought
here by appeal from the judgment thereupon entered.

The Plaintiff claims title to the lot, which was a wild lot, under
a tax sale, made by the treasurer of the county of Essex, on the
6th of December, 1853.

The Defendants dispute the title, on the ground that the owner
of the lot, before the time for redemption expired, applied at the
comptroller's office for a statement of the amount necessary to
be paid to redeem the lot in question, and was then and there
ready and willing and offered to pay such amount, but was re-
fused such statement, and was thereby prevented from redeeming
the premises; and claim that the deed subsequently given, pur-
suant to the sale, was therefore invalid, and conveyed no title to
the Plaintiff.

Upon the trial, Schoonmaker, a witness on the part of the De-
fendants, testified that he went to the comptroller's office, on
behalf of, and by direction of Bergh (the owner of the lot), to pay
taxes. He says : " I went to the comptroller's office, and found
a man there, and told him I wanted to pay taxes on No. 72,

Opinion by PARKER, J.

Hoffman's township, Essex county. His name is Sawyer; he is now in court. He asked me if Mr. Bergh sent the bill. I told him he did not. He said Bergh ought to have sent the bill. My reply was that Mr. Bergh did not send the bill, but if he would give me the amount I would pay it. He said Bergh should have sent the bill; that he had given them already a great deal of trouble. He refused to give me any attention. I insisted upon their showing me the books, and knowing the amount. He went and opened the book, and I saw the amount, and he called out the amount. It was three dollars and something, and he closed the book, and said there were other back charges, and that he ought to have sent the bill or come himself and had the thing attended to. I took out my pocket-book and told him I came to pay the taxes and charges on the lot, and was prepared to pay, and said, 'I demand from you the amount.' He made no further reply, and I left the office." It had already appeared that Bergh had himself, after the tax sale, applied at the office to pay arrears of taxes on the lot, and had paid the bill made out therefor, but that an omission had been made, of which a statement was subsequently, and prior to Schoonmaker's application, sent to him in the form of a certificate of the amount necessary to be paid to redeem the lot.

The Court charged the jury that " if they believed the evidence of Schoonmaker, and that Schoonmaker applied to a clerk in the office of the comptroller, having charge of the books of sales for taxes, for a statement of the amount that was necessary to be paid to redeem lot No. 72 in question, and said clerk refused to give him said statement, that refusal defeated the title of the Plaintiff, and he cannot recover in this action."

To this the Plaintiff excepted.

It must be admitted, I think, that if the redemption was *prevented* by the public officer through whom it was to be effected, the title was not diverted by the deed made to the purchaser upon the tax sale, and the Plaintiff therefore had no title and could not recover.

But assuming all that the Court submitted to the jury to be

true, it does not follow that a redemption was thereby prevented. It is to be remembered that there is evidence in the case showing that Bergh had received from this officer the very statement which he now again sought to obtain.   In this case, therefore, it was erroneous, I think, to instruct the jury that the refusal of the clerk to give Schoonmaker the statement of the amount necessary to be paid to redeem the lot in question, defeated the title of the Plaintiff; for it cannot be correctly affirmed that every such refusal has such effect.   Although it is made the duty of the comptroller from time to time  to give any person, requiring the same, a certificate of the amount of any tax, interest, and charges due on any tract of land, yet the omission to do so may be under circumstances which would preclude the effect of preventing a redemption.   If the applicant has in his pocket a certificate on which he can pay the required amount to the treasurer, the refusal of a second certificate would not put him in the predicament assumed by the charge.

In this case the Court had no right to assume that the omission of Bergh to redeem, was chargeable to the default of the public officer, sworn to by Schoonmaker.

This question, I think, is legitimately before us.   We are called upon, by the exception to the charge, to decide whether it was legally correct in its application to this case.   And if it made the case to depend upon a legal conclusion not warranted in the case, under all the evidence it was erroneous, and the Plaintiff's exception was sufficient.

I am of the opinion, therefore, that the judgment appealed from should be reversed, and a new trial ordered.

Concurring in this opinion: HUNT, BOCKES, WRIGHT, and DAVIES, Ch.J.

Reversed.

JOEL TIFFANY,
State Reporter.
