Barnard, P. J.
Whatever may have been the strict legal right of the registrar in respect to a specific arrear, in order to compel him to act under the city charter, if he does answer the general denial he is bound to do so correctly.
The demand in this case was for “all arrears of taxes, assessments, water rates and liens against each of said lots.” The number of the lots were given, Nos. 41, 42, 43, in block 55, ward 23. The registrar acted and gave “separate bills for each of said lots, with divers items of arrears.”
The relator paid the bills, and it appears that an item was left out and the city sold the lands for this omitted arrear. The relator supposed the bill included all arrears, and knew nothing of the sale until it was made. That upon learning of the sale, the relator went to the registrar and tendered the arrear and all interest and charges on it, which tender was refused. The registrar was bound to furnish the bills by title 8, section 16, of the charter. If he failed to give the bills, no title could be sold. Van Benthuysen v. Sawyer, 36 N. Y., 150.
The section in respect to official searches was designed for a different purpose. It was to be evidence of the lien or freedom from Men by arrears of tax, and the registrar was responsible for the accuracy of his search and was entitled to a fee.
Upon the relator’s affidavit there is a strong case for relief against the sale. If the facts are doubtful, an alternative writ should furnish the means for the trial of the issue. Under the affidavit of the clerk an issue was made upon the facts. Kane makes affidavit that the relator was told that there was a large number of other arrears, and that the relator said that he knew of that fact.
The order should be reversed and an alternative writ of. mandamus ordered, with costs to abide event of the proceeding.
Pratt, J., concurs.