HOWARD F. SPELLICY, Claimant, v. THE STATE OF NEW YORK, Defendant.

(Claim No. 18513.)

Court of Claims, May 14, 1928.

*James T. Cross*, for the claimant.

*Albert Ottinger, Attorney-General [James Gibson, Deputy Attorney-General,* of counsel], for the defendant.

PARSONS, J. This is a claim by a State trooper to reimburse him for money paid by him to counsel.

The action is brought under the provisions of chapter 729 of the Laws of 1927. This claimant was indicted by the grand jury of Wayne county for the crime of manslaughter in the second degree. The place of trial was changed to Monroe county, and the claimant was acquitted by the trial jury.

There is practically no dispute as to the facts in the case. After the arrest of the claimant who, no doubt, was a public officer, the Attorney-General appeared to defend the claimant, but the claimant not being satisfied employed counsel of his own and paid him between $1,500 and $2,000 for his services and expenses. Now he seeks, under this enabling act, to recover that sum and an additional compensation to his private counsel to the extent of around $10,000, on the ground that this was a moral obligation of the State. We cannot see this. The State fulfilled its moral and legal obligations when the Attorney-General appeared to defend one of the public officers of the State, and no moral obligation extends to pay private counsel employed by the claimant.

This case differs somewhat from the case where the Attorney-General refuses an application to furnish counsel free from expense to the claimant.

The cases cited in the brief of the claimant in reference to moral obligations of the State have no application, as the State had fulfilled its moral obligation when it furnished the Attorney-General to defend the claimant, one of its public officers, who was charged with the commission of a crime in the exercise of his duties. True, the eminent counsel employed by the claimant did good and valuable service and was probably inadequately paid, but that is no reason why the State, after discharging its obligation, both moral and legal, should be called upon to go further and reimburse the claimant for moneys expended for private counsel in the defense of his own act.

The claim should be dismissed, as it does not state facts sufficient to constitute a moral obligation against the State, and, of course, there was no legal obligation on the State other than that of furnishing the Attorney-General to defend one of its public officers charged with a crime in the performance of his duty.

POTTER, J., concurs.

POTTER, J. (concurring). I concur generally in the result reached by the judge in this case, but in addition thereto I am of the opinion that chapter 729 of the Laws of 1927 is unconstitutional.