LABADIE *v.* CAMBURN.

1. TAXATION—REDEMPTION FROM TAX SALE—EXTENSION OF REDEMP-
   TION PERIOD.

    In suit to set aside tax deed and permit owner to redeem, evi-
   dence *held*, sufficient to establish that purchaser's attorney
   promised to extend time for redemption on payment of certain
   amount, and that, in reliance thereon, time for redemption was
   allowed to expire.

2. SAME—EQUITY—EXTENSION OF REDEMPTION PERIOD.

    Where, in suit to set aside tax deed and permit owner to redeem,
   it appears that owner's agent, relying on promise that time
   to redeem would be extended, allowed time to expire, after
   which, promise was repudiated and tender of payment refused,
   decree dismissing suit is reversed, on appeal, and owner given
   20 days within which to redeem.

Appeal from Charlevoix; Gilbert (Parm C.), J.
Submitted June 6, 1929. (Docket No. 89, Calendar
No. 34,320.)  Decided October 7, 1929.

Bill by Lennah E. Labadie against Mary E. Cam-
burn and others to set aside a tax deed and for per-
mission to redeem.  From a decree dismissing the
bill, plaintiff appeals.  Reversed.

*Leon W. Miller* and *W. S. Mesick* (*J. M. Harris,*
of counsel), for plaintiff.

*E. A. Ruegsegger* and *B. H. Halstead,* for defend-
ants.

McDONALD, J.  This bill was filed to set aside a
tax deed and for permission to redeem.  The plain-
tiff was the owner of the premises which are located

in Charlevoix county, Michigan. She resides in California. John Quinlan of Petoskey was her agent in charge of the land in question. It was sold for the taxes of 1920. The auditor general's deed was issued on January 6, 1925, to Mary E. Camburn, the purchaser, and was duly recorded in the office of the register of deeds in Charlevoix county. The period of redemption expired on August 16, 1925. The payment of $138.66 was necessary to redeem. Throughout the proceedings the plaintiff was represented by Mr. Quinlan, and Mrs. Camburn was represented by the defendant Ben Ellis. It is alleged in the bill that, relying on an agreement for an extension of time, the plaintiff allowed the time for redemption to expire, and that, subsequently, the defendants repudiated the agreement and refused to accept a tender of the amount due. The regularity of the proceedings is also in issue, but in our view of the case it is not necessary to detail the plaintiff's contention in that regard. On the hearing, the court found that the agreement claimed by the plaintiff had not been established by the evidence, and held all of the proceedings to have been regular. From a decree dismissing the bill, the plaintiff has appealed.

In view of the conclusion we have reached on the facts in respect to the agreement for an extension of time to redeem, it will not be necessary to discuss any other question. If the agreement was made as the plaintiff claims, and was relied upon by her, and, except for it, she would not have allowed the time for redemption to pass, the refusal of the defendants to carry it out operated as a fraud which would entitle her to equitable relief. *Laing* v. *McKee,* 13 Mich. 124 (87 Am. Dec. 738); *Palmer* v. *Palmer,* 194 Mich. 79; *Markoff* v. *Tournier,* 229 Mich. 571.

Having been advised that the plaintiff desired to redeem, Mrs. Camburn, the purchaser, executed a deed of the premises some time in July, 1925, and left it with the First State Bank of Petoskey to be delivered to Mr. Quinlan on payment of the amount required for redemption. The plaintiff lived in California. Quinlan, her agent, was engaged in the real estate and insurance business at Petoskey. She furnished him with sufficient money to redeem, but, being at the time in financial straits, he used it for his own purposes. About a week before the last day for redemption, it is his claim that he explained his financial situation to Mr. Ellis, and that it was then and there agreed between them that the time should be extended a few days for Quinlan's convenience in raising the money, and that for this favor he should pay $50 in addition to the amount necessary to redeem. The time for redemption expired on August 16, 1925. Quinlan went to the bank to redeem on August 31, 1925. He there learned that the deed had been withdrawn on August 15, 1925. He sought Mr. Ellis and made a tender of the necessary amount, together with the $50 which he claims he agreed to pay for the extension. The tender was refused. Except as to the agreement, which is denied, the facts are not in dispute.

In reference to the agreement, the testimony of the principal witnesses, Quinlan and Ellis, is in sharp conflict. But Mr. Quinlan is supported by the testimony of attorneys Miller and Mesick. They were employed by the plaintiff to investigate the proceedings. They talked with Mr. Ellis in their office. Both testified he told them that he had agreed with Mr. Quinlan to extend the time for redemption. We know of no reason for discrediting the testimony of these two witnesses. The trial

court says they "may easily have been mistaken." But there is no possibility of a mistake. Their testimony is either true or false. The record discloses no reason for believing it to be untrue. If it is true, then the agreement was made as the plaintiff claims. It is our conclusion that there was such an agreement, that it was relied on, and, but for it, the amount necessary to redeem would have been paid before the time for redemption expired.

A decree will be entered in this court permitting the plaintiff to redeem by paying the amount due on or before 20 days from date, and providing that upon such payment the defendant Camburn will reconvey by proper deed the title acquired by her from the auditor general. The plaintiff will have costs.

NORTH, C. J., and FEAD, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred. The late Justice FELLOWS took no part in this decision.