EVA B. G. KEMP, Respondent, *v.* HARVEY N. HUNT, Appellant, et al., Defendants.

Fourth Department, December 29, 1944.

622

*Leverett J. Simpson* for appellant.

*John W. Hollis* for respondent.

*James S. Drake, Jr.,* for defendants Clara L. Smith, as Treasurer for the County of Steuben, and Steuben County.

Judgment affirmed, with costs.

HARRIS, J. (dissenting). The defendant Hunt, appellant herein, holds title by virtue of a tax deed to a lot and cottage on Keuka Lake, in the county of Steuben. The plaintiff, Mrs. Kemp, was the owner of such property prior to the tax sale which resulted in the tax deed. She brought this suit in equity to have declared void such deed. In her complaint she alleges that the tax sale was held without her knowledge and through the fraud of the defendant Hunt and an error or fraud on the part of the defendant Smith, as Treasurer of the County of Steuben. At the time that Hunt took possession of the premises, the cottage on the lake contained certain furniture. The plaintiff has had judgment below holding that the title to Hunt was void, directing that the property and its contents be transferred to the plaintiff by him, and costs have been awarded by such judgment against Hunt. He appeals from such judgment.

The facts on which the court below has found in favor of the plaintiff may be summarized as follows:

Prior to October 30, 1934, the property, both real and personal, was owned by the mother of the plaintiff, Mrs. Gorton, and on that date, by warranty deed, the mother transferred to the daughter the premises; the deed was recorded in the Steuben County Clerk's office November 1, 1934. Taxes on the property in question are due and payable the first of January following the calendar year in which they are laid and are in the hands of the town collector for collection until such collector makes returns of noncollected taxes to the County Treasurer in June following such due date. Mrs. Gorton, for some years, procrastinated in the payment of her taxes. She claimed that she had paid the 1933 tax to the collector after their return for nonpayment; this the collector disputed. Whether or not she did pay such 1933 taxes, Mrs. Gorton informed her daughter that they were paid. On March 30, 1935, desiring to pay the 1934 taxes the plaintiff wrote to the County Treasurer of Steuben County as follows: " March 30, 1935. Miss Clara Smith, County Treasurer, Bath, New York. My dear Miss Smith: I am enclosing a money order in the amount of fifteen dollars to cover taxes to date on my cottage at Keuka Lake. This was formerly listed in the name of Mrs. Kate L. Gorton, but the property has since been given to me. If this amount does not cover the taxes which are due, please notify me and I will send you an additional payment. May I ask that you notify me when you have received this so that I will know everything is satisfactorily taken care of. Thanking you, I am, Cordially yours, Eva Belle Gorton." In January, 1935, at a tax sale, the defendant Hunt had purchased

the tax scrip for the year 1933. The County Treasurer's office, through some employee, replied to the letter of March 30, 1935, to the effect that the amount contained in such letter was incorrect, that the correct amount was $17.28 and that that amount should be sent to the defendant Hunt. The plaintiff procured a money order for $17.28 and mailed it to the defendant Hunt in 1935; she heard nothing from the County Treasurer or from Mr. Hunt and continued to pay all taxes on the property (although tardily) for the years 1935 to 1939. On receipt of the money order of $17.28 and in April, 1935, the defendant Hunt surrendered his tax scrip of 1933 to the County Treasurer for cancelation. At that time the 1934 taxes were still in the hands of the town collector for collection; in June, 1935, such 1934 taxes were returned uncollected to the County Treasurer, remained unpaid and were purchased by the defendant Hunt at a sale held February 13, 1936. Based on such sale and the nonpayment of the amount of the 1934 tax unpaid, the County Treasurer delivered to the defendant Hunt a tax deed to the premises (the deed now in question) dated and executed February 25, 1937. The defendant Hunt recorded such deed May 31, 1939. (See Tax Law, § 137.) Following the recording of such deed, notice was sent to the plaintiff on behalf of the defendant Hunt to the effect that Hunt had title to the property and desired immediate possession and such notice further required the plaintiff to remove her personal property from the premises. On receiving this notice of the claim of the defendant Hunt, the plaintiff visited him and endeavored to secure a release of the premises to herself upon payment of the delinquent tax for which the property had been sold. Hunt refused to re-transfer the property unless he was made good for some other taxes which he had paid on other premises belonging to the mother of the plaintiff and which investment he had lost. Defendant Hunt took possession of the property on June 27, 1939, and stored on the premises the personal property belonging to the plaintiff. Such personal property is still there and has not in any way been damaged. The taxable valuation of the real property is $700; the trial court has found that it is worth approximately $3,500. There is no valuation given or found as to the personal property.

The court below has found that through error (in the method of replying to the letter of March 30, 1935) the County Treasurer prevented the plaintiff from paying her 1934 taxes (*Van Benthuysen* v. *Sawyer*, 36 N. Y. 150; *Bryan* v. *McGurk*, 200 N. Y. 332, 339); that Hunt deliberately tricked the plaintiff into

,defaulting on the 1934 tax and thus secured title to the property, ,and that he further tricked her into paying for his benefit the taxes for 1935 to 1939.

There is nothing in the record to sustain any finding that the defendant Hunt in any way defrauded, or intended to defraud, the plaintiff of her property. In purchasing the tax scrip, he was engaged in a legitimate business. When, in 1935, he received the payment of $17.28, the only claim that he held against the premises in question was for the 1933 tax; at that time the 1934 tax was still awaiting collection by the proper public official and he was justified in believing that the remittance made to him in 1935 was to take up and redeem the 1933 tax scrip. He did not become the owner of the 1934 tax paper until a considerable time after he surrendered the 1933 certificate. As he did not record his deed until 1939 and did not claim possession until after such recording, he was under no obligation to inform the plaintiff that she was paying taxes beginning with 1935 which might inure to his benefit.

The defendant Hunt disputed the contention of the plaintiff that she was misled by the County Treasurer, but on this question of fact the finding of the trial court is supported by the evidence. The appellant claims that by reason of the provisions of section 137 of the Tax Law there is conclusive presumption that his title by the tax deed is beyond dispute. In the light of section 137 (which must be read and construed together with sections 131, 132, 134, 135, 152 and 154 of the Tax Law), the benefit given to a purchaser who proceeds under section 137 is to create a bar so far as matters of procedure are·concerned and not so as to prevent a delinquent taxpayer from seeking a remedy when he is prevented by the tax officer from paying a due tax. If section 137 of the Tax Law is to be regarded as establishing an absolute bar by the passage of the time set for redemption, then the plaintiff, who was in possession of her real property and without notice of attack on her title, was deprived of such title by the recording of the deed and she would be without recourse. The Legislature did not intend such a result to occur from the facts as hereinbefore stated. (*Van Benthuysen* v. *Sawyer*, 36 N. Y. 150; *Bryan* v. *McGurk*, 200 N. Y. 332, 339; *Dunkum* v. *Maceck Building Corp.*, 256 N. Y. 275, 283.)

On those facts found below which are approved herein, the plaintiff is entitled to judgment directing the defendant Hunt to put her into possession of both the real and personal property on her paying to him the amount paid by him on the tax sale of 1934, with interest thereon at the rate of 6% per annum, to the

date of the commencement of the action, and on such payment she is entitled to cancelation of the tax deed. The defendant should not have been charged with costs below because he was not shown to be at fault. His title is subject to successful attack only due to the jurisdictional defect which arose from the act of the County Treasurer.

Findings and conclusions in the opinion below, which are not upheld by this opinion, should be disapproved and reversed and the judgment below should be modified in accordance with this opinion and as so modified affirmed, without costs to any party.

All concur in decision, except HARRIS, J., who dissents in an opinion and votes for modification. Present — CUNNINGHAM, P. J., DOWLING, HARRIS, McCURN and LARKIN, JJ.

Judgment affirmed, with costs.