In the Matter of WALTER J. DAVIDSON, an Attorney.— Report of the referee confirmed and order entered suspending respondent from practice for a period of one year and thereafter until the further order of this court. All concur. Present — Taylor, P. J., Dowling, Harris, McCurn and Larkin, JJ.

HOWARD F. SPELLICY, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 18513.) — Appeal dismissed, without costs, upon stipulation. [177 Misc. 221.]

### (March 21, 1945.)

EDWARD MURRAY, Appellant, et al., Plaintiffs, v. ELLIS G. ROBERTS et al., Respondents.— Judgments reversed on the law and facts, without costs of this appeal to any party, and judgment directed allowing plaintiff, Edward Murray, to pay to the county of Oneida the sum of $241.75 as taxes, penalties, and interest on said property, within ten days from the service of a copy of the judgment with notice of entry thereof, and upon such payment being made, the deed from the County Treasurer to the Board of Supervisors be declared null and void and the County Clerk of Oneida County be directed to cancel the deed from the Board of Supervisors of Oneida County to the defendants Roberts. Certain findings of fact and conclusions of law disapproved and reversed and new findings of fact made. Memorandum: The County by resolution of its Board of Supervisors recognized plaintiff's equity in the premises, and entirely apart from the tax statutes, extended plaintiff's time to redeem until ten days after the approval by the Board of any outside offer for the property. The County had a perfect right to so extend the time for redemption where the interest of no third party had intervened. (4 Cooley on Taxation [4th ed.], § 1561; State ex rel. McFann v. Hately, 34 N. M. 86.) The right to so redeem was a valuable right. It was implicit in the resolution that plaintiff be given ten days' notice of the termination of this final period for redemption. The notice given in the instant case was not the ten-day notice contemplated by the Board of Supervisors, nor was it a reasonable notice of the termination of the final ten-day period. In any event the County should now be estopped upon equitable principles from asserting that it could disregard plaintiff's right of redemption and sell without notice. The provision in section 10 of chapter 559 of the Laws of 1902 that the sale and conveyance after two years shall become absolute is a Statute of Limitation. Since the deeds were not recorded and plaintiff was given no notice of the execution of the same, the period of limitation did not start to run. The County has never terminated or withdrawn by proper notice plaintiff's right of redemption given by the resolution of its Board of Supervisors. Until such notice is given plaintiff may redeem upon making the payments provided for in the resolution of the Board of Supervisors. The deed to defendants Roberts should be canceled. All concur, except Taylor, P. J., and Harris, J., who dissent and vote for affirmance. (The judgments dismiss plaintiffs' complaint on the merits in an action to set aside conveyance of realty.) Present — Taylor, P. J., Dowling, Harris, McCurn and Larkin, JJ.