Louis J. Selzer, Appellant, *v.* John Baker, Defendant, and Mary B. Selzer, ·Respondent.

Argued December 3, 1945; decided January 24, 1946.

*Riley H. Heath* and *Joseph P. Reynolds* for appellant. I. The doctrine of equitable estoppel applies against a tax sale purchaser who serves within the three-year period a written notice extending the time to redeem beyond the three-year period, in reliance upon which the owner redeems after the three-year period. (*Mabie* v. *Fuller*, 255 N. Y. 194; *Matter of Cooper*, 93 N. Y. 507; *Conde* v. *City of Schenectady*, 164 N. Y. 258; *City of Oswego* v. *Montcalm Dock Co., Inc.*, 245 App. Div. 555; *Metropolitan Life Ins. Co.* v. *Childs Co.*, 230 N. Y. 285; *Rothschild* v. *Title Guaranty & Trust Co.*, 204 N. Y. 458; Black on Tax Titles [2d ed.], § 354; *Schoemaker* v. *Porter*, 41 Iowa 197; *Steiner*

v. *Coxe,* 4 Pa. St. 13; *Moore* v. *Boagni,* 111 La. 490; *Bush* v. *Bush,* 275 S. W. 1096 [Tex.]; *McCulloch* v. *Dodge,* 6 R. I. 346; *Taylor* v. *Courtney,* 15 Neb. 190.) II. When respondent paid the amount of the tax to defendant Baker and took a tax deed and quitclaim deed, to which tax deed was attached a certificate by the County Treasurer that a notice had been served pursuant to section 134 of the Tax Law, the respondent, as grantee, was not an innocent purchaser and stands in the place and stead of said defendant, as grantor. (*Reynolds* v. *Commercial Fire Ins. Co.,* 47 N. Y. 597.)

*David F. Lee* for respondent. I. The title of respondent under the tax deed became absolute at the expiration of three years from the date of sale. (*Mabie* v. *Fuller,* 255 N. Y. 194; *Callahan* v. *Underwood,* 260 App. Div. 352, 285 N. Y. 620; *Quist* v. *Gwinup,* 267 App. Div. 224.) II. The facts in connection with the alleged notice to redeem did not constitute an equitable estoppel. (*Stanton* v. *Hawley,* 193 App. Div. 559; *Andrews* v. *Aetna Life Insurance Co.,* 85 N. Y. 334.) III. Respondent having no notice of the alleged redemption notice was not bound thereby. (*Wood* v. *Chapin,* 13 N. Y. 509; *Hayes* v. *Nourse,* 114 N. Y. 595; *Slattery* v. *Schwannecke,* 118 N Y. 543.)

CONWAY, J. The plaintiff, Louis J. Selzer, was the owner and occupant of a parcel of land in the town of Hamilton in Madison County consisting of some 160 acres. The property was assessed to him. It was sold for unpaid taxes of the year 1939 on the 17th day of October, 1940. The purchase at the tax sale was made by one Baker and the County Treasurer delivered to him a tax deed of the property on November 15, 1941. Had Baker taken no steps thereafter, title in him would have been complete on October 16, 1943. (Tax Law, § 137; *Mabie* v. *Fuller,* 255 N. Y. 194.) Instead, however, Baker served upon the plaintiff by registered mail on the 7th day of April, 1943, more than two years after the date of sale, a "notice to owners or occupants or interested parties to sale of land for taxes." It contained the following sentence: "The following is the sum necessary to be paid to the County Treasurer of Madison County for the benefit of the grantee *within six months after the time of filing in said County Treasurer's Office the evidence of the service of this notice.*" (Emphasis supplied.) The notice was

ineffectual as a compliance with Tax Law, section 134, because it was not served within two years from the date of sale and because it was neither served personally nor by leaving it at the dwelling house of the occupant. Thereafter the wife of the plaintiff, Mary B. Selzer, one of the defendants herein, from whom plaintiff was estranged although both lived on the farm, purchased a quitclaim deed from Baker upon paying the sum due him under his tax sale purchase. At the time of the delivery to her of the quitclaim deed and the tax deed of Baker, there was attached to the latter, which she recorded on September 27, 1943, the following certificate:

" THIS IS TO CERTIFY that a Notice and Affidavit showing service thereof on the 7th day of April, 1943, was filed in the Madison County Treasurer's Office, on the 6th day of May, 1943. Said notice and affidavit were filed for the purpose of complying with Section 134, of the New York State Tax Law with reference to the property described in this deed.

A. J. WHITE,
County Treasurer, Madison
County."

Thus under the notice as given by Baker, the plaintiff had until November 6, 1943, to redeem his property, which was some twenty-one days more than three years after the date of sale. Sometime in August or September, 1943, the plaintiff went with the notice to the office of the County Treasurer, who examined the records and advised him that proof of service of the notice had been filed and that he had until November 6, 1943, to redeem his property. On October 26, 1943, the plaintiff paid to the County Treasurer the sum specified in the notice served by Baker as the amount required to redeem, plus interest, and the County Treasurer issued to him a redemption certificate. In March of 1944, the plaintiff demanded of his wife that she reconvey the property to him. Upon her refusal, this action was brought to have the tax deed to Baker, as well as the quitclaim deed from him to the defendant Mary B. Selzer, declared void and to have the record of them canceled. The County Treasurer has issued a check to the defendant Selzer for the money paid by her to Baker and it is in her possession uncashed.

The complaint was dismissed as to Baker, and no appeal has been taken.

The question presented to us for our determination is whether, as between the plaintiff and Baker, a period of redemption was created different from the one provided by the Legislature. As a general rule a party may waive a statutory or even a constitutional provision enacted for his benefit or protection, where it is exclusively a matter of private right, and no considerations of public policy or morals are involved, and cannot afterward invoke its protection. (*Vose* v. *Cockroft*, 44 N. Y. 415; *Matter of Cooper*, 93 N. Y. 507; *Conde* v. *City of Schenectady*, 164 N. Y. 258; *Sentenis* v. *Ladew*, 140 N. Y. 463.) It is true that the notice here was not an effective compliance with the statute, but it did result in a visit by plaintiff to the County Treasurer's office with such notice for the purpose of ascertaining the date of the filing of the affidavit of service and the consequent final payment date six months thereafter. Prior to that latter date, redemption was made by plaintiff. We think it clear that Baker was estopped to insist that the statutory period of three years controlled rather than the date he fixed in his notice. "An estoppel rests upon the word or deed of one party upon which another rightfully relies and so relying changes his position to his injury. When this occurs it would be inequitable to permit the first to enforce what would have been his rights under other circumstances." (*Metropolitan Life Ins. Co.* v. *Childs Co.*, 230 N. Y. 285, 292; *Rothschild* v. *Title Guarantee & Trust Co.*, 204 N. Y. 458, 462.) Moreover, in Black on Tax Titles [2d ed.], § 354, citing cases in other jurisdictions, we find this language: "There is nothing in law or in reason which absolutely compels a tax purchaser to stand upon the exact letter of his rights. Although it is entirely optional with him, he undoubtedly may waive a strict compliance with the statutory provisions for redemption, if he so chooses. This may be done by contract with the owner. Thus an agreement between the tax purchaser and the owner, that the latter shall be allowed additional time for redemption, is valid and may be enforced. * * * Or the purchaser may manifest his waiver of strict compliance by his conduct. * * * And the same principle has been applied to a permissive redemption after the time from a city or county which has bought in the land." (See, also, Cooley on Taxation [4th ed.], § 1579; 61 C. J., Taxation, § 1785; *Labadie* v. *Camburn*, 248 Mich. 187.)

Under the circumstances disclosed here, the defendant Selzer stood in no better position than Baker. The certificate of the County Treasurer was attached to the tax deed. The fact that the notice filed in the County Treasurer's office was unsigned is of no moment. The notice as filed showed that the redemption period had been extended by Baker until November 6, 1943.

The judgments should be reversed and a new trial granted, with costs to abide the event.

LOUGHRAN, Ch. J., LEWIS, DESMOND, THACHER, DYE and MEDALIE, JJ., concur.

Judgments reversed, etc.