J. Irwin Shapiro, J.
Defendant Fruehauf Trailer Company moves for partial summary judgment as to the first and second causes of action alleged in the verified third amended complaint. Plaintiff moves for like relief as to those causes of action.
The basic facts underlying the two causes of action are not in dispute. In both, the plaintiff alleges purported acts of conversion on the part of defendant Fruehauf Trailer Company (hereinafter referred to as Fruehauf), the first cause of action alleging the conversion of trailer ME 20064 and the second alleging the conversion of trailer ME 19851.
On July 21, 1957, Fruehauf sold plaintiff trailer ME 19851 pursuant to the terms and conditions of a contract of conditional sale. Defendant Stoll Packing Corp. (hereinafter referred to as Stoll) acted as guarantor under the contract. On August 20, 1957, a second trailer, ME 20064, was sold by Fruehauf to plaintiff with Stoll again acting as guarantor. Both contracts are identical in their provisions except as to the purchase price and amounts of installment payments. Installments under, both contracts were payable on the 15th of each month. The guarantee is attached to the conditional sales *264 agreement in each case and reads in full as follows: “For value received the undersigned hereby unconditionally guarantees the fulfillment of the obligations of this document by the Buyer named herein and all renewals and extensions hereof to any owner or holder hereof, and hereby waives notice of any default hereunder.”
From the date on which the first installment became due under each of the conditional sale contracts plaintiff failed to pay the installments on time. Payments with regard to trailer ME 19851 were made respectively 22, 11 and 31 days after they had become due. Payments with regard to trailer ME 20064 were made respectively 33 and 3 days after they had become due.
On September 19, 1957, plaintiff was in default with regard to both conditional sale contracts. The three parties, Fruehauf, the plaintiff and Stoll, at the request of Stoll, thereupon entered into two agreements each entitled ‘ ‘ Amendment to Guarantee ’ ’ (hereinafter referred to as the Amendments) and each identical with the other except that one dealt with trailer ME 19851 and the other with trailer ME 20064. Both agreements had been executed by plaintiff and Stoll prior to their submission to Fruehauf. The Amendments provided that in case plaintiff should thereafter default in the performance of any of its obligations under the conditional sale contracts Stoll would have 10 days from the date of notice of such default to “ cure ” the same. Upon curing such default Stoll would succeed to all of the “right, title, interest or equity” that plaintiff (the conditional buyer) had in the trailer. Plaintiff would then have 10 days from the date Stoll cured the default as aforesaid to 11 compensate ” Stoll for its expenses incurred thereby and by so “compensating” it would divest Stoll of the interest it had acquired (pars. 1-3 of the Amendments).
Under paragraph 9 of the Amendments Stoll assumed all of the obligations of the “Buyer” under the conditional sale contracts upon its curing of any default. Fruehauf was to give title papers to the party who was then the “ Buyer ” upon full payment by it of the obligations uncler the contract.
On November 15, 1.957, the payments required under each of the contracts fell due, but none was made. Stoll was repeatedly in telephone communication with Fruehauf between November 15, 1957, and November 25, 1957, inquiring whether the payments had been made, and was informed that none had been made on either of the conditional sale contracts. On November 27,1957,12 days after the defaults, Fruehauf repossessed trailer ME 20064, trailer ME 19851 not being found on that date. Later *265 that same day, Fruehauf received a check from Stoll covering the defaulted payments on each of the trailers. Thereafter, between November 27 and December 5, 1957, and while plaintiff and Stoll were exchanging correspondence (hereinafter described in greater detail) in which plaintiff tendered the defaulted payments to Stoll and Stoll rejected such tenders as insufficient, Fruehauf retained custody of the repossessed trailer without any objection by either plaintiff or Stoll.
Meanwhile, on November 5, 1957, Fruehauf had received notice from the North Carolina Surety Company, the insurance carrier from which plaintiff had obtained its insurance policies on trailers ME 20064, ME 19851 and a third trailer (and in which Fruehauf was named as an assured), that the insurance would be cancelled as of 12:01 a.m. on December 5, 1957. No attempt to provide Fruehauf with proof of insurance coverage, as required by the contracts, was made as of December 5,1957. On that date Fruehauf notified plaintiff that it would not allow any of the three trailers to operate without proof of insurance. Stoll thereafter received actual knowledge of the notice of cancellation and of Fruehauf’s position in regard thereto. On December 9, 1957, after the aforesaid notice of insurance_ cancellation had become effective, trailer ME 19851 was* repossessed by Fruehauf.
Between November 27, 1957, and December 10, 1957, Stoll had, orally and in writing, informed Fruehauf that it would demand strict compliance by the latter with the terms of the Amendments. As of December 11, 1957, the plaintiff and Stoll claimed possession of the two trailers. Plaintiff remonstrated with Fruehauf that Stoll’s rejections of plaintiff’s tenders were improper and that plaintiff was entitled to possession of the trailers. Stoll asserted that the tenders made by plaintiff were inadequate and that the allegedly reinstated insurance coverage did not comply with the terms of the Amendments.
On December 13, 1957, and upon payment to it by Stoll of the full balance due under the conditional sales agreements, Fruehauf executed and delivered to Stoll assignments of all its right, title and interest in and to the conditional sales contracts and, on that same day, notified plaintiff’s attorneys to that effect. Plaintiff thereupon tendered the November installments to Fruehauf. This tender was rejected by Fruehauf on the grounds (1) that there was then no existing default with regard to the November installments since Stoll had cured the default on November 27,1957, and (2) that Stoll, and not it, was then the owner of the conditional sale contracts. Thereafter, *266 plaintiff tendered to Stoll the December installments under the contracts which tender was refused. On January 13, 1958, plaintiff commenced this action.
Both sides agree that no issue of fact exists.
It is unnecessary to set forth each and every point raised by the parties in support of and in opposition to their respective motions. Plaintiff’s president says, “ The sole question before the Court is whether the protections afforded a purchaser under the Uniform Conditional Sales Act can be lost under the circumstances set forth in the complaint.” It may, perhaps, be more accurately stated that the crucial problem here is to determine the validity and effect of the Amendments executed on September 19, 1957, not alone under the circumstances “ set forth in the complaint ” but also under the agreed circumstances set forth in the papers before the court.
That determination must be made in the light of the above stated and the undisputed facts hereinafter set forth. As already noted, on September 19, 1957, and while plaintiff was in default under both contracts, the Amendments to the guarantees, which Amendments had previously been executed by the plaintiff and Stoll, its guarantor, were presented to the vendor Fruehauf for approval and execution; that 12 days after plaintiff’s default in making the November 15, 1957 payments, Fruehauf repossessed one of the trailers, the other not having been found on that date; and that later the same day, Stoll paid to Fruehauf, as permitted by the Amendments, the amounts of the past due installments. Two days later and on November 29, 1957, plaintiff’s attorneys wrote Stoll explicitly recognizing the validity of Stoll’s payments to Fruehauf under the Amendments and offering reimbursement thereof. In pertinent part that letter read as follows:
“ Please be advised that pursuant to paragraph third of the amendment (dated September 1957) to the contract of sale and guarantee involving the Fruehauf Trailer Company, Inc., your firm, and the Goldner Trucking Corporation, we herewith tender certified checks to your order in the respective sums of $233.58 and $219.91.
‘ ‘ Pursuant to the aforementioned paragraph, any default on the part of Goldner Trucking Corporation is hereby cured and we herewith make demand for the immediate delivery to the Goldner Trucking Corporation of any property of said corporation now in your possession or of which you may be entitled, pursuant to any guarantee or other instrument.” (Emphasis supplied.)
*267 A copy of the forgoing letter was sent to Fruehauf. By letter dated December 3, 1957, Stoll rejected the tender on the grounds that it did not include legal expenses and interest on the payments and that it was defective in form. The same day plaintiff’s attorneys wrote Fruehauf stating in substance that any default that may have existed in connection with the trailer which it [Fruehauf] held had been cured and demanded its immediate release to plaintiff. The next day, however, plaintiff’s attorneys again wrote Stoll, stating that they had no objection to paying reasonable expenses upon proof that they had actually been incurred and upon the submission of an itemized list. The demands made in Stoll’s prior letter were said to be “ completely unreasonable ’ ’ and to ‘ ‘ bear no relation to the requirements set forth in the agreements of guarantee ”. A copy of this letter was not sent to Fruehauf. On December 5, 1957, Stoll rejected what was tantamount to a second tender by plaintiff. When the insurance cancellation became effective on December 9, 1957, Fruehauf repossessed trailer ME 19851. On December 10, 1957, Stoll wrote Fruehauf as follows:
“ As guarantors under Conditional Sales Contract dated respectively July 21, 1957 and August 20,1957, on the following equipment: Serial # ME 19851, and Serial # ME 20064, we require strict performance of the terms of the respective conditional bills of sale and the amendment to the guarantees, or we shall consider that our guarantees have been discharged.
“ You now hold both of these pieces of equipment under levies of repossession. There has been a default by the buyer in the payment of the October and/or November payment due. Under the circumstances, the guarantor’s rights under the sales contract have accrued and also its liabilities.
“ Release of either of these pieces of equipment from normal process under the levies will constitute a termination of our obligation if done so without our consent.
‘ ‘ Further proper insurance coverage has not been maintained by the buyer, Goldner Trucking Corp.
“ In view of all the foregoing, we feel compelled to advise you your rights and Liabilities in this matter ” [sic].
Three days later and on payment by Stoll of the full balance due, as permitted and, indeed, required by the Amendments, Fruehauf transferred all of its right, title and interest in and to the conditional sales contracts and the trailers covered thereby to Stoll. On that same day, after notification by Fruehauf of the transfer, plaintiff wrote to Fruehauf as follows: “• Our client, Goldner Trucking Corp, herewith makes tender of the sum due you under the conditional contracts of sale *268 covering trailers bearing serial numbers ME 20064 and ME 19851, respectively, and hereby demands redemption of the same.
‘£ This payment shall not be deemed to prejudice our contention- that the moneys paid to you by Stoll Packing Corp. cured our default hereunder and at that time entitled us to immediate and continued possession of the trailers aforesaid.
££ In the event that you fail to comply with this demand, we have been directed to proceed against you according to law.”
Paradoxically enough, plaintiff contended in this letter that the moneys paid to Fruehauf “by Stoll” cured plaintiff’s default and entitled it to immediate and continued possession of the trailer.
Under the foregoing circumstances plaintiff has no cause of action in conversion against Fruehauf. In the light of its repeated recognition of the validity of the Amendments, executed at a time when it was in default and when Fruehauf could have exercised its rights under the original conditional sales agreements, plaintiff will not now be permitted to urge as against Fruehauf that the Amendments are invalid. True, under section 80-f of the Personal Property Law, “ No act or agreement of the buyer before or at the time of the making of the contract, nor any agreement or statement by the buyer in such contract, shall constitute a valid waiver of the provisions of sections seventy-eight [redemption], seventy-nine [compulsory resale by seller], eighty [resale at option of parties], eighty-a [proceeds of resale], eighty-b [deficiency on resale], and eighty-e [recovery of part payments].” (Emphasis supplied.) This prohibition, however, operates against a waiver prior to, in, or at the time of the making of the conditional sales contract and not against a waiver effected by a subsequent agreement. (Seeley v. Prentiss Tool & Supply Co., 158 App. Div. 853, affd. 216 N. Y. 687; Nyboe v. Doll & Sons, 167 App. Div. 225; see 2 Uniform Laws Ann., pp. 39-40; 2A Uniform Laws Ann., p. 193.)
In the ordinary case, the subsequent agreement must be supported by consideration. Here it may well be argued that as to Fruehauf there is sufficient consideration in the fact that is sustained a legal detriment by becoming a party to the Amendments. It should be remembered that on September 19, 1957, the date of their execution, plaintiff was in default. Fruehauf then had an existing immediate right to possess the trailers. That right of immediate possession Fruehauf gave up under the Amendments which granted plaintiff an extension of time *269 within which it could perform its obligations as to the past-due payments of September 15. In addition the Amendments, in effect, made it mandatory on the part of Fruehauf to give Stoll an opportunity to cure — for a period of 10 days — any subsequent default before seizing the trailers, thus conferring an additional although, perhaps, an only incidental and unintended benefit to plaintiff. Thus, if consideration were required to sustain the validity of the Amendments, it exists in abundant measure. In any event and while it is obvious that the all-pervasive and dominating purpose and effect of the Amendments was to protect Stoll, they were, notwithstanding their broad sweep, merely modifications of the original guarantee agreements and, indeed, of the conditional sales contracts themselves. As such, they needed no consideration to acquire validity. (Personal Property Law, § 33, subd. 2.) Furthermore, plaintiff may not now be heard to urge, at least as against Freuhauf, the alleged invalidity for lack of consideration of agreements it had theretofore consistently upheld and affirmatively asked Fruehauf to act upon. At no time did plaintiff intimate to Fruehauf, or to anyone else, that it questioned the validity of the Amendments, and its entire course of conduct prior to the institution of this action was bottomed on the asserted validity of these Amendments. In fairness to Fruehauf plaintiff may not now be permitted to urge acceptance of a contrary view.
It may not be doubted that on December 13, 1957, Fruehauf transferred all of its right, title and interest in and to the conditional sales contracts and the trailers covered thereunder to Stoll strictly in accordance with the terms and provisions of the Amendments and in reliance upon the tacit agreement by all parties, including plaintiff, that the Amendments were entirely valid. Thus, there was a change of position to Fruehauf’s detriment caused by its justifiable reliance upon the Amendments. Such change of position warrants the application of the doctrine of estoppel in pais in favor of Freuhauf and prevents the plaintiff from asserting the invalidity of the Amendments. The language in Selzer v. Baker (295 N. Y. 145, 149) aptly applies to the instant situation. The court there said: ‘ ‘ An estoppel rests upon the word or deed of one party upon which another rightfully relies and so relying changes his position to his injury. When this occurs it would be inequitable to permit the first to enforce what would have been his rights under other circumstances. (Metropolitan Life Ins. Co. v. Childs Co., 230 N. Y. 285, 292; Rothschild v. Title Guarantee & Trust Co., 204 N. Y. 458, 462.) ”
*270 It is clear that the attempted tender made to Fruehauf by plaintiff after December 13,1957, in an effort to cure its default, was totally ineffective since at the time of the making thereof there was no default to be cured as between it and Fruehauf. Whatever rights, if any, plaintiff had at that time to demand and receive the trailers were against Stoll and not Fruehauf.
Accordingly, defendant Fruehauf’s motion is in all respects granted and that of the plaintiff in all respects denied. Settle order.