Jack Stanislaw, J.
Petitioner Lesser has applied to re-register title to certain real property for which he had obtained a tax deed. That deed is the result of his purchase of a tax lien for unpaid 1959-1960 taxes, in November, 1960. The tax sale certificate was filed and memorialized by the County Registrar on or about April 12, 1961, and the deed similarly processed as of January 24, 1964. On or about December 28, 1965 plaintiffs Barth commenced an action to remove a cloud on their title to the same property the subject of Lesser’s tax deed. At this juncture Lesser asks that he be granted summary judgment or, alternatively, that the two proceedings be consolidated. The Barths oppose the motion in its entirety and request summary judgment on their action.
Most, if not all, of the issues presented here stem from the Court of Appeals determination in Norris v. Mitrany (15 N Y 2d 842). That decision affirmed by memorandum the Second Department’s specific finding that the 1949 amendment to section 137 of the Tax Law (now incorporated in section 1022 of the Real Property Tax Law), reduced the tax sale redemption period as to occupied land in Suffolk County (Suffolk County Tax Act [L. 1920, ch. 311, as amd.]) from five years to three years where notice to redeem was not given by the tax sale purchaser (21 A D 2d 827). In the Appellate Division the court relied partially on one of its own earlier holdings (Matter of Saman Holding Corp. v. Burns, 2 A D 2d 994), which had somewhat similarly interpreted the redemption period. To the extent the Norris case differed from Saman, if at all, it more decisively pronounced the reduced redemption period.
Tims, as to the Barths, their redemption period expired on or about November 14, 1963. But the Barths received a notice from the County Treasurer on about October 1, 1963, stating that they had five years to redeem occupied property where the *1049 tax lien purchaser had not instituted foreclosure action. This information, based on what appears to have been a reasonable, though as it turned out erroneous, interpretation of the Saman ease {supra), represents the key prop to plaintiffs’ argument. Saman had affirmed the reduced redemption period but had also hinted clearly that a two-year extension might yet be available through the filing of ‘ ‘ satisfactory evidence of such occupancy ’ ’.
At any rate, the Barths refrained from any further tax activity with regard to the property until October 22, 1965, when they attempted redemption. This offer made at the office of the County Treasurer was refused, primarily due to the then relatively recent Norris memorandum out of the Court of Appeals in February of the same year.
Therefore, the opposition to Lessor’s motion for summary judgment is predicated for the most part on a theory which invokes an estoppel against a strict application of the statutory redemption period of three years. It is argued that the action, that is the letter, of the County Treasurer misled the Barths into believing and relying upon the availability of an additional two years within which they might redeem. However, the cases cited in support of this proposition are not to the point. There is no question here of a public officers’ prevention of a proper redemption )(Van Benthuysen v. Sawyer, 36 N. Y. 150), of a mistake of fact or fraud as to full redemption (Kemp v. Hunt, 268 App. Div. 621), or of an estoppel to validate an extension granted by a Board of Supervisors in the absence of the interest of a third party (Murray v. Roberts, 269 App. Div. 730). The County Treasurer’s letter was very probably indicative of a mistake of law based on the Saman decision (2 A D 2d 994, supra), but even giving the Barths the fullest benefit of that decision as relayed, in essence, by the letter, there is no demonstration that they filed the necessary satisfactory evidence of occupancy anyway. We are of the opinion, taking everything into account, that there was not a misleading of the Barths of such a qualitative nature as would allow their successful interposition of an argument based upon equitable estoppel to operate against the effect of the Treasurer’s tax deed to Lesser.
The motion of Lesser for summary judgment is granted; the request for consolidation is denied as moot. Barths’ prayer for summary relief is denied and the complaint in their action to quiet title is necessarily dismissed. Insofar as related issues involving claims for rent by Lesser and for improvements by the Barths, they may properly be resolved upon inquest.