■ EUGENE P. ZIPPERER et al., Appellants, v. LILLIAN W. SIEGEL, Respondent, et al., Defendants, and EMIGRANT INDUSTRIAL SAVINGS BANK et al., Appellants.— In an action to invalidate a tax sale and tax deed and for other relief: (1) plaintiffs and additional defendant The Emigrant Industrial Savings Bank appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County, dated May 10, 1966, which (a) denied plaintiffs' cross motion for summary judgment on the first cause of action and (b) granted defendant Siegel's cross motion for summary judgment by dismissing said first cause of action on the ground that it was barred by the Statute of Limitations (Suffolk County Tax Act, § 53, L. 1920, ch. 311, as amd.) and decreeing that said defendant owns the fee title to the subject property, on her first and second counterclaims against plaintiffs and the additional defendants, the said bank and Murray Bloom; and (2) plaintiffs and said additional defendants appeal from so much of a second order of said court, dated the same day and made on reargument, as adhered to the court's original decision, with implementing provisions. Order on reargument modified so as to (1) strike out the provisions adhering to and incorporating the original decision and staying execution and (2) add a provision that both cross motions for summary judgment are denied. As so modified, order affirmed insofar as appealed from, without costs. Appeals from original order and judgment dismissed, without costs. That order and judgment was superseded by the order granting reargument. In our opinion, a triable issue was presented as to whether in fact payment of the 1952–53 tax was effected so as to bring the case at bar within the purview of *Cameron Estates* v. *Deering* (308 N. Y. 24). Moreover, in our opinion, the fact that plaintiffs were and still are in actual possession since the inception of the tax levy mandates a consideration of the triable issue whether plaintiffs received any notice other than the recording of the tax deed which would reasonably apprise them of the divestiture of their title so as to start the running of the Statute of Limitations from the date of such notice, if any (cf. *Peterson* v. *Martino,* 210 N. Y. 412; *Cameron Estates* v. *Deering, supra*). We are also of the opinion that the conduct of the Town Tax Receiver, if it was as plaintiffs claim, is a factor to be considered in determining the respective equities of the parties (cf. *Kemp* v. *Hunt,* 268 App. Div. 621). A trial is therefore indicated, at which all facts and circumstances may be adduced relevant to the foregoing issues and any other issues which will permit a full and adequate evaluation and equitable disposition of the respective rights of the parties. Beldock, P. J., Ughetta, Brennan, Hopkins and Benjamin, JJ., concur.

■ In the Matter of COMMON COUNCIL OF THE CITY OF MIDDLETOWN, Petitioner, v. TOWN BOARD OF THE TOWN OF WALLKILL, Respondent.— In this proceeding to determine whether a proposed annexation by the City of Middletown of certain territory in the Village of Amchir and the Towns of Wallkill and Wawayanda is in the over-all public interest, the Hon. GERALD NOLAN, the Hon. JOSEPH F. GAGLIARDI and the Hon. JOHN P. DONOHOE, Justices of the Supreme Court, are herewith designated as Referees to hear and report to this court, together with their findings of fact and conclusions of law (Municipal Annexation Law [General Municipal Law, art. 17, § 712, subd. 6]). Beldock, P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.