■ In the Matter of CATRINA K. ROBERTS, Respondent, v. EDWARD BISLAND, JR., as Chairman of the Board of Supervisors of the County of Sullivan, et al., Appellants, and JOSEPH PORSIA, Respondent.— Appeal from a judgment of Supreme Court, entered in Sullivan County, in a proceeding under CPLR article 78 which granted respondent's petition for relief from a tax sale. The trial court declared a tax sale dated July 31, 1970 from the appellant, County Treasurer, to the appellant, County of Sullivan, null and void, and directed that the respondent, the prior owner, be adjudged and declared the sole owner of the parcel of real property which was the subject of the deed. It found the conveyance for unpaid 1966 real property taxes void because the appellants prevented respondent's attempts to redeem the property. (See *Van Benthuysen* v. *Sawyer,* 36 N. Y. 150; *Wallace* v. *McEchron,* 176 N. Y. 424, 427.) Even if it were to be found that the appellants in any way misled or obstructed the respondent's efforts to learn the taxable status of her real property or pay the taxes (and we find no such evidence in the record), all the communications and conversations between the parties occurred after the conveyance by the County Treasurer to the county and after the respondent's three-year period of redemption had expired. Accordingly, by the time respondent was moved to action to protect her rights, the county had an absolute fee ownership in the realty and the benefit of the statutory presumption that the sale and prior proceedings were regular. (Real Property Tax Law, § 1022, subd. 3.) The respondent offered no evidence to rebut this presumption. Judgment reversed, on the law and the facts, without costs, and complaint dismissed. Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Simons, JJ., concur.

■ In the Matter of the Claim of DANIEL DI BLASIO, Respondent, v. PETRUCCI RUG COMPANY et al., Appellants, and HARTFORD ACCIDENT & INDEMNITY Co. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier, Firemen's Fund American Insurance Companies, from a decision of the Workmen's Compensation Board, dated September 21, 1970, which found that the claimant was disabled in 1967 as the result of an occupational disease caused solely by the nature of his employment between the years 1960 and 1967. The board found " that the claimant sustained an occupational disease due to prolonged kneeling between 1960 and 1967 and in and of itself was a competent producing cause of the occupational bursa condition in 1967. The board further finds that the date of disablement is May 19, 1967, the date claimant began losing time because of the condition and that the carrier on the risk on the date of disablement is responsible for the award for lost time." Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Simons, JJ., concur.