■ In the Matter of GAETANO T. REA, JR., Respondent, v PETER J. SAVAGO, as Chairman of the County Legislature of the County of Ulster, et al., Respondents, and DOLORES WOOD, Appellant.—Appeal from a judgment of the Supreme Court at Special Term, entered December 13, 1976 in Ulster County, which granted petitioner's application in a proceeding pursuant to CPLR article 78. This proceeding involves certain realty located in the town of Saugerties, Ulster County. The record reveals that the property was sold to the county for unpaid taxes in September of 1969 and that the county ultimately conveyed its interest to the respondent in June of 1976. In September of 1976 petitioner took an assignment of a mortgage on the premises which had originally been given to the Saugerties Savings Bank by Peter and Patricia Aiello in April of 1971 when they bought the property from one Ribsamen who, in turn, had purchased it after the tax sale from

the owner of record at the time that sale occurred. As we understand it, petitioner commenced this article 78 proceeding to compel county officials to accept his offer to redeem the property. It was his contention that the period of redemption, ordinarily limited to 36 months from the date of the tax sale (Real Property Tax Law, §§ 1022, 1024), was either waived by the county or the county should be estopped from asserting that limitation because the Ulster County Treasurer had sent a notice to redeem, dated April 22, 1974, to the delinquent owner, Ribsamen's grantor. Special Term ruled in his favor and this appeal ensued. Although a reversal would be warranted on the basis of any one of the host of procedural and substantive errors which infect this proceeding, the lack of legal merit in petitioner's waiver or estoppel theory will suffice as a reason to dismiss his petition. It is plain that no effort to redeem the property was made within 36 months from the date of the tax sale in September of 1969. The statutes are explicit: should those entitled to redeem during that period fail to so act they are "barred from redemption forever" (Real Property Tax Law, § 1022, subd 1; § 1024, subd 1). It is also plain that the purpose of the notice employed by the county treasurer is to shorten, not lengthen, that 36-month limitation (Real Property Tax Law, § 1022, subd 2; § 1024, subd 2). Assuming that the former provisions could be waived and that the treasurer used this notice for a contrary purpose, there is nothing to show that the county authorized him to act in such a fashion (cf. *Murray v Roberts,* 269 App Div 730) or, more to the point, that this "waiver" was extended for the benefit of anyone other than the party to whom it was addressed. Petitioner has not alleged knowledge of the notice or reliance on it and, if these deficiencies were not otherwise fatal to his estoppel argument, the fact that it was sent long after the 36-month period had expired would alone defeat his claim. *Selzer v Baker* (295 NY 145) and *Williams v Saddlemire* (270 App Div 963), relied upon by petitioner, are clearly distinguishable for in those cases private tax sale purchasers transmitted similar notices *within* the statutory three-year period and their actions had the effect of extending the time for redemption on behalf of the addressees according to the terms of those notices. Here, of course, not even the recipient could rightfully rely on the notice since the redemption period had already ended. Lastly, had the notice somehow created an additional time to redeem, there has been no showing of an attempt to do so within the period therein specified. Judgment reversed, on the law and the facts, and petition dismissed, with costs. Greenblott, J. P., Sweeney, Kane, Mahoney and Main, JJ., concur.